SAMUEL DUNNING AND M. B. STONE, Appellants, against JAMES
P. POND, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Complaint upon promissory notes executed by Dunning, to order of Yates, assignee of Farwell & Co., and endorsed by Stone. Defendant Dunning answered, that the notes were procured by the payee by fraud and deceit, to which Plaintiff was a party. That before the date of the note Defendant was a merchant, doing business by himself and also with others, under two different firm names, and that during the years 1855-6-7, the Defendant had purchased of Farwell & Co.

(of which firm Plaintiff was a member,) *goods. &c.,* at *different times,* to *the amount and value of several thousand dollars.* That on the 2d March, 1857, Farwell & Co. had insisted that the Defendant was indebted to them on book account in a sum exceeding $500. That Defendant not then having the means of ascertaining the true condition of accounts between him and said firm, and supposing himself indebted to them, and relying on their honesty and fairness, executed to them a promissory note for $531.50, due in sixty days. That on the 28d of October, 1857, the Plaintiff presented the note for payment, and that thereupon the three notes described in the complaint were given in substitution therefor. That at the time of giving said notes Defendant was not indebted to Farwell & Co. in any sum, and that he received no consideration therefor. Stone, the other Defendant, who was sued as an endorser, answered separately, and alleges that he endorsed the note as an accommodation to the maker, and received no consideration therefor, whereof Plaintiff had notice. That Dunning executed said notes as collateral security for a pretended precedent debt of Dunning to Farwell, which indebtedness had been assigned to Yates, and that said notes were *executed for no sufficient consideration* to charge the Defendant as endorser, and that neither Yates, Farwell & Co., nor the Plaintiff, did release or extinguish such pretended indebtedness. That at the time of executing the notes Dunning was not indebted to Yates, or to Farwell& Co., nor to Plaintiff, in any sum, and that Dunning received no consideration, &c. *Held* that the answer of Dunning admits a sufficient consideration for the notes, in alleging the purchase of several thousand dollars worth of goods from Farwell & Co. previous to the date of the notes, and not showing that he had paid for the same. And the answer of Stone, the endorser, is bad, in not alleging the facts showing how or wherein the consideration was insufficient. Judgment on the pleadings, in favor of Plaintiff against maker and endorser, affirmed.

Points and authorities of Appellants:

I. The answers of the several Defendants, Dunning and Stone respectively, show a good defence to the action, and it was therefore erroneous for the referee to give judgment upon the pleadings without any proof whatever.

II. The Defendant, Stone, was a mere accommodation maker, and entitled to the benefits of all the equities existing between Dunning and the payee of said notes. 1 *Denio,* 583; 15 *John.* 270; 10 *Ib.* 231.

III. That the pleadings (answers) show an entire want of consideration for said notes described in the complaint, yet the referee, and District Court upon the report of said referee, gave judgment against Plaintiffs in error without proof, and notwithstanding the objections of the Defendant below. *Id.*

IV. That said answers being taken as true, the judgment of the District Court should have been for Plaintiffs in error and against said Pond. *Id.*

V. If a bill or note given without consideration be renewed, the new instrument is also void. *Chapman vs. Black,* 2 *B. & A.* 588; *Wynne vs. Collander,* 1 *Russ.* 263; *Preston vs. Jackson,* 2 *Star.* 237; *Smith's Mer. Law,* 344.

Points and authorities of Respondent:

I. The answer of Dunning does not allege *facts* in avoidance of the notes set out in the complaint. The averments of " fraud," " misrepresentation," " no indebtedness," " without consideration," and the like, are not well pleaded. *Gouver-*

*neur vs. Elmendorf,* 5 *Johns. Ch. R.* 79; *McMurry vs. Thomas,* 5 *How. P. R.* 14; *Cotten vs. Gunter,* 1 *Duer,* 255; *Fay vs. Grimsteed,* 10 *Barb.* 321; 2d *Ed. Van Santvoord's Pl.* 475–480; *Mallory vs. Lamphear,* 8 *H. P. R.* 491.

II. The answer is false on its face.

III. The Defendant will not be relieved, even if the facts were well pleaded, because he had the means of information, and appears to have been wilfully ignorant. *Willard's Eq.* 70, 71, *&c.; Taylor vs. Fleet,* 4 *Barb.* 95; *Id.* 298; *Perry vs. Martin,* 4 *Johns. Ch.* 566.

IV. The above suggestions apply with added force to the answer of Defendant Stone. This answer contradicts the answer of Dunning. It alleges that the notes were made as collateral to a pretended indebtedness, and the principal debt was not released or extinguished, and there was no *sufficient* counter consideration to charge as endorser the Defendant Stone, and Dunning was not *indebted* to Yates or Plaintiff.

It is is difficult to conceive of a worse answer than Stone's.

SMITH & GILMAN, Counsel for Appellants.

J. B. BRISBIN, Counsel for Respondent.

*By the Court.*—ATWATER, J.  This action was brought by the Respondent in the District Court of Ramsey County, to recover the amount of three promissory notes, each for the sum of $227, and bearing date October 23, 1857, due in two, three, and four months respectively, and payable to the order of W. L. Yates, assignee of W. L. Farwell & Co. The complaint alleges that the notes were executed by Dunning, and at the time said notes were made, and for the consideration therein expressed, the Defendant, Stone, endorsed them, and delivered the same to the payee, Yates, by whom, for a valuable consideration, they were transferred to the Plaintiff.

The Defendants answered separately. The Defendant Dunning admitted the execution of the notes, but alleged that he never received any consideration therefor. That the notes were procured by the payee by fraud and deceit, to which also the Plaintiff was a party.

The answer further alleged, that on and previous to the 23d of October, 1857, the Defendant Dunning was a merchant, doing business both by himself and in connection with other persons, as S. Dunning & Co., and Dunning & Rogers, and as Dunning & Ackerman, in the town of St. Peter, Minnesota. That J. L. Farwell & Co. were merchants doing business in the city of St. Paul, and that the Plaintiff was a member of the firm of J. L. Farwell & Co., and that during the years 1855–56–57, the Defendant purchased at divers times goods and merchandise of said firm of Farwell & Co., to the value and cost of several thousand dollars. That on the 2d of March, 1857, the said Farwell & Co. contended and insisted that this Defendant was indebted to them on book account in a sum exceeding $500. That the Defendant not then having the means of ascertaining the true condition of accounts between him and said firm, and then supposing himself indebted to them, relying on the honesty and fairness of said Farwell & Co., made and delivered to said firm a promissory note, dated on that day, for the sum of $531.50, due in sixty days from date. That on the 23d of October, 1857, the Plaintiff presented said note and demanded payment, and that thereupon the three notes described in the complaint were executed and delivered in substitution therefor, $100 having been paid on said note by the Defendant.

The answer then goes on to state, that on the 24th day of July, 1857, upon a precisely similar state of facts, the Defendant executed and delivered another note to Farwell & Co. for the sum of $515.50, due in thirty days, and that the last named note was paid in full, and alleges that at the time of giving these several notes he was not indebted to Farwell & Co. in any sum whatever, and received no consideration for the same. That after giving the note of the 2d of March, Farwell & Co. made an assignment to Yates, (the payee of the notes in suit,) for the benefit of their creditors, and that both he and the Plaintiff took the notes with full notice of all the facts aforesaid.

The Defendant Stone admits the making and endorsement of the notes, but denies that he delivered them to the payee, and alleges that he endorsed them for the accommodation of

the maker, and received no consideration therefor, of which Plaintiff had notice at the date of said notes. That Dunning executed said notes as collateral security for a pretended precedent indebtedness of Dunning to Farwell & Co., which indebtedness had been assigned to Yates, and was held by him at the date of the notes, and that said notes were executed and delivered for no *sufficient consideration* to charge the Defendant as endorser, and that neither Yates, Farwell & Co., nor the Plaintiff, did release or extinguish said pretended indebtedness. The answer further alleges that at the time of executing and delivering the said notes, the Defendant Dunning was not indebted to said Yates, nor to said Farwell & Co., nor to the Plaintiff, in any sum whatever, and that said Dunning received no sufficient consideration for the same, of all which the Plaintiff had notice.

The cause was referred to S. M. Flint, Esq., who, upon motion of Plaintiff's Attorney, gave judgment for the Plaintiff upon the pleadings. The Defendants appeal from that judgment.

We think the judgment below was correct. The allegations set up in the answer of Defendant, Dunning, with reference to the giving of the notes, certainly disclose a very singular state of facts, and would naturally create strong suspicions as to their truth. But however incredible they may appear, they are at least conceivable, as is proved by the fact of the answer itself, and we should therefore perhaps be hardly justified in pronouncing the answer false on its face, as claimed by Respondent's counsel. But the Defendant has in fact admitted a sufficient consideration for the giving of the notes. He alleges that the notes were given for a pretended indebtedness on book account to Farwell & Co., which he says did not in fact exist at the date of the note, and that the claim was a fraudulent one on the part of that firm. And yet he admits that previous to the date of the notes he had purchased goods to the amount of several thousand dollars of Farwell & Co. and *does not allege that he had paid for the same.* The denial of any indebtedness therefore to Farwell & Co. is simply a denial of a legal conclusion and constitutes no defence. Had the Plaintiff alleged in his complaint that the

notes were given in payment for the purchase of goods, and simply denied that the Defendant was *indebted* on the notes, and averred that the notes were without consideration, it will scarcely be contended that the answer would have constituted a good defence. But in this case the Defendant himself has made the averment of purchase, and omitted to relieve himself from the effect of it by alleging payment. The omission is fatal to the answer, and goes far towards characterizing the other averments as unworthy of credit.

The answer of Stone is not less defective. He admits the making, endorsement and delivery of the notes as charged in the complaint, but alleges that he was an accommodation endorser. Of course, this of itself is no defence. He alleges that Dunning received no *sufficient consideration* to charge him as endorser. He does not anywhere assert that Dunning received no consideration for the notes, and so far as his answer is concerned, it must be considered as admitted that Dunning did receive a consideration for making the notes. The allegation that the consideration was "insufficient," is clearly bad, without alleging the facts showing how or wherein it was insufficient. He alleges, it is true, that Dunning was not indebted to Farwell & Co., or Yates, at the date of the notes, but that in nowise tends to show that he did not receive a consideration for the notes. Besides, we have seen that Dunning himself admits an indebtedness by failing to allege payment for the goods purchased of Farwell & Co.

The judgment below is affirmed.