D. S. COVERT *vs.* FREDERICK P. CLARK, impleaded, etc.

May 15, 1877.

**Motion to Vacate Judgment—Special Appearance.**—When a motion to vacate a judgment is founded upon grounds taken solely with reference to their supposed bearing upon the jurisdiction of the court to render the judgment, and solely for the purpose of attacking said jurisdiction, the appearance of the judgment defendant's attorney, *for the purposes of the motion only,* is a special appearance, which has no effect in curing any objection to the judgment for want of jurisdiction over such defendant's person.

**Judgment against Resident of State on Service by Publication.**—The judgment here in question, having been obtained upon publication of summons, notwithstanding the defendant was in fact a resident of this state, and the summons might have been personally served upon him, *quœre* whether the judgment was not absolutely void. If it was absolutely void, the court had authority to purge its records by vacating it. If it was not void, but voidable only, the facts in the case *held* sufficient to authorize the court, in its discretion, to vacate it, under Gen. St. *c.* 66, § 105.

Appeal by plaintiff from an order of the district court for Sibley county, *L. M. Brown,* J., presiding, granting the motion of defendant Frederick P. Clark, to vacate a judgment obtained by plaintiff, on default, against Frederick P. and Patrick Clark.

*S. & O. Kipp,* for appellant.

*M. O. Little,* for respondent.

BERRY, J. This is an appeal from an order of the district court for Sibley county, vacating a judgment and proceedings thereunder. The motion to vacate was founded upon several grounds, all of which were evidently taken solely with reference to their supposed bearing upon the jurisdiction of the court to render the judgment, and solely for the purpose of attacking such jurisdiction. Under these circumstances, the appearance of defendant's (F. P. Clark's) attorney, *for the purposes of the motion only*, was a special appearance, which had no effect in curing any objection to the judgment for want of jurisdiction over such defendant's person.

In the action in which the judgment was recovered, the summons was served (as plaintiff claims) by publication. The order for the publication was made upon an affidavit of plaintiff's attorney, stating that a summons had been issued, in the action against the defendants, to the sheriff of Sibley county, and that the same had been duly returned by him, with his return endorsed to the effect that neither of the defendants could be found in his county. The affidavit further stated that neither of the defendants could be found in this state, that neither of them was a resident of this state, and that the residence of each was unknown to the affiant.

The affidavit of defendant F. P. Clark, by which the motion to vacate was supported, stated, among other things, that, on August 14, 1872—the date of the sheriff's return—the affiant was, and, during all the time for more than one year immediately prior thereto, had been, and ever since has been, an actual resident of, and has continually lived and resided in, the county of Hennepin, in this state, and, further, that, at the date of the rendition of the judgment, (December 11, 1872,) and for more than a year prior thereto, and during the whole of the year 1872, the affiant " lived and resided, and had a residence, and was engaged in and doing business, in said county of Hennepin, * *

and was well known throughout the said county of Hennepin, and especially in the city of Minneapolis, and might have been personally served with a summons in said action, and with process and notice of the commencement and pending of said action." The affidavit also denies all notice or knowledge of the action or judgment until about two months before the motion to vacate.

The motion was heard upon the files in the action, and the defendant's affidavit, there being no appearance for the plaintiff.

Whether, if the facts were as stated in the defendant's affidavit, the judgment was, or was not, absolutely void, on the ground that the case was not one in which jurisdiction over the defendant's person could be acquired by publication of summons, it is not now necessary to determine. If the judgment was void, the court below had authority to purge its record by vacating it. If, on the other hand, it was not void, but voidable only, there was then enough in the case to warrant the court to vacate it, under the provisions of Gen. St. c. 66, § 105. This section empowers the court in "its discretion, at any time within one year after notice thereof," to relieve a party from a judgment taken against him through his surprise.

The plaintiff complains that the judgment is vacated as to both defendants, while the motion to vacate is made on behalf of F. P. Clark alone, the other defendant having taken no hand in the motion. As the other defendant referred to is not a party to this appeal, the point made cannot properly be considered.

Order affirmed.