HERMAN S. SJOBERG *vs.* PETER E. NORDIN.

May 7, 1880.

**Disqualification of Judge.**—The only cause of disqualification reached by Gen. St. *c.* 64, § 4, is a pecuniary interest in the event of the action to be tried. Gen. St. *c.* 116, § 19, as amended by Laws 1878, *c.* 24, § 1, (Gen. St. 1878, *c.* 116, § 19,) has no application to district judges.

This cause having been duly placed on the calendar for trial, at a general term of the district court for Kandiyohi county, *Brown*, J., presiding, and having been reached on the preliminary call of the calendar, the plaintiff's counsel moved that another district judge be requested to attend at a special or adjourned term of the court, and try the cause, in the place of the then presiding judge, and for the continuance of the cause to such special or adjourned term, for the reason that the attorney of record for the defendant was a son of the presiding judge. The motion was denied, and the plaintiff excepted, and the exception was entered of record. When the cause was reached on the peremptory call of the calendar, the plaintiff objected to any further proceedings therein, for the reason that the presiding judge was disqualified from sitting in the case. The court refused to entertain the objection, for the reason that the plaintiff had once been fully heard on the same question, a ruling made thereon, and an exception taken and entered of record in the cause; and the court, for the same reason, also refused to allow such objection and refusal to be entered in the minutes, to which refusal the plaintiff excepted. The plaintiff and his attorneys then withdrew from the court room, and refused to take further part in the proceedings. The defendant then moved for judgment, which was ordered and entered in his favor on the merits, from which judgment the plaintiff appeals.

*Arctander & Griffin*, for appellant.

*L. M. Brown* and *H. W. Brown*, for respondent.

CORNELL, J. The attorney of record for defendant is a son of the district judge before whom this action was tried, and the question is whether the fact of such relationship legally incapacitated the judge from sitting as such, on the trial of the cause?

By Laws 1878, *c.* 24, § 1, amending Gen. St. *c.* 116, § 19, (Gen. St. 1878, *c.* 116, § 19,) relative to challenging jurors in criminal actions, "consanguinity or affinity, within the ninth degree, * * to any one of the attorneys, either for the prosecution or for the defence," is made a good cause for challenging a juror as for implied bias. As by statute it is declared in terms that causes for challenge to individual jurors shall be the same in civil as in criminal actions, (Gen. St. 1878, *c.* 66, § 226,) and that "no judge * * shall sit in any cause in which he is interested, * * or would be excluded from sitting as a juror," it is contended that a district judge is precluded from sitting in any action where he is related to either of the attorneys within the prohibited degrees of consanguinity or affinity above mentioned.

The whole of the section which contains the above-quoted disqualifying clause, in respect to judges, is as follows:

"No judge of any of the courts of record of this state shall sit in any cause in which he is interested, either directly or indirectly, or in which he would be excluded from sitting as a juror: *provided*, however, that *such interest* shall not disqualify such judge from ordering a change of venue in any such cause; but it shall be the duty of such judge, on the application of any party desiring a change of venue in such action, to order the same, upon a proper showing of *such interest* on the part of the judge, as in other cases of change of venue." Gen. St. 1878, *c.* 64, § 4.

It was evidently not the purpose of this section to prohibit a judge from sitting in a cause, unless it is one in which he can sit or act as a juror; for this would prevent the trial of all actions where only issues of law are involved. Its meaning is obviously the same as though it read "no judge * *

shall sit in any cause in which he is interested directly or indirectly, or in which, by reason of such interest, he would be excluded from sitting as a juror." A pecuniary interest in the event of the action is the cause of disqualification intended to be reached by the section, and not a mere bias resulting from partiality or prejudice in favor or against either of the parties. That this is the true construction of the statute is made reasonably certain by the proviso, and the section that immediately follows. The proviso refers to the disqualifying cause mentioned in the preceding portion of the section as "such interest," and the like guarded language is used in the clause which reserves to the disqualified judge the power to order a change of venue, upon a proper showing of "*such interest* on his part."

The next section (§ 5) authorizes any district judge, whenever interested as counsel or otherwise in the event of any cause or matter pending in his court, to call in a judge from another district to hear and determine the same. If, in the enactment of these sections, it was the intention to deal with causes of disqualification other than an interest, direct or indirect, in the action, it is difficult to understand why the provisions which were adopted in respect to a change of venue and to calling in another judge were thus carefully restricted to cases of disqualification arising from interest alone.

The true meaning and interpretation of the statute would seem to be clearly indicated by this fact, and it avoids the obvious difficulties of the construction contended for by plaintiff, by which a judge would be excluded from acting as such for any cause, the existence of which would be a good ground of a challenge to a juror. Besides the general causes of challenge enumerated in Gen. St. *c.* 116, § 17,. including unsoundness of mind and physical infirmity, a juror may be challenged and excluded for actual bias, to be determined by triers, and for implied bias, to be found by the court. The former is defined to be "the existence of a state of mind on

the part of the juror, in reference to the case or to either party, which satisfies the triers, in the exercise of a sound discretion, that he cannot try the issue impartially and without prejudice to the substantial rights of the party challenging. Gen. St. c. 116, § 18, sub. 2. The rule for determining its existence, it will be observed, rests wholly upon the exercise of a sound discretion on the part of the triers, and, hence, must necessarily vary according to the different degrees of intelligence and judgment of the persons who may be selected as triers. It is hardly reasonable to suppose such a test would be applied to a judge whose authority is derived from the constitution, by which his qualifications are prescribed.

Among the causes for challenge for implied bias, those mentioned in the fourth, fifth, sixth and seventh subdivisions of section 19, chapter 116, rest upon the principle that a juror cannot impartially hear and determine a matter a second time, after having considered it in some prior proceeding. The application of this principle to a district judge would necessarily seriously embarrass the administration of justice in respect to the hearing and determination of motions for new trials, and like questions. The eighth subdivision of the same section prevents a person from serving as a juror in any criminal case involving the trial of an offence punishable with death, if he happens to entertain such conscientious opinions as would preclude him from finding the defendant guilty. Certainly, no good reason can be assigned why the holding of such opinions should exclude a judge from presiding at such a trial, and causing it to be conducted according to the rules of law. In view of the obvious difficulties of applying these provisions of the statute in reference to challenging jurors to judges of courts of record, no such application should be made, except upon the constraint of an express enactment, so plain and unmistakable in its meaning as to leave no room for doubt or construction.

In reaching the conclusion arrived at in this case, the court

is not to be understood as considering or passing upon the question whether, under our constitution, a district judge is or is not disqualified from sitting in a cause by reason of consanguinity or affinity to either of the parties to an action. The extent of the holding is that the statute in question does not reach such a case, nor the case of any relationship of that character between the judge and any of the attorneys of the parties.

It is not questioned that the precise point here presented was considered and decided by the court below, and that the plaintiff was given the full benefit of an exception to the ruling. It was not error for the court, after this, to refuse again to entertain the question.

The plaintiff made no request for a judgment of dismissal. It was within the authority and jurisdiction of the court, under the circumstances, to render a judgment upon the merits, and no error in respect to the exercise of its jurisdiction is presented by any exception entered of record.

Judgment affirmed.

*Note. Two other cases, viz., *Nels P. Holm* v. *Peter D. Ringstrom*, and *Arctander & Gwiffin* v. *Thore Nilson*, involving the same questions as the foregoing case, were argued and submitted by the same counsel and at the same time with that case, and were decided by the court in accordance with the above opinion.