AUGUST WAGNER, APPELLANT, v. LINCOLN COUNTY ET AL., APPELLEES.

FILED JANUARY 8, 1908. No. 15,053.

1. **Judgment**: VALIDITY: CONSTRUCTIVE SERVICE. A judgment rendered on service by publication against a resident of this state, on whom personal service might have been had, is absolutely void.

2. **Tax Forclosure**: SALE: REDEMPTION. A decree foreclosing a tax lien on real property was entered against the owner, a resident of the state, on service by publication. In an action to redeem from a sale made under said decree, the plaintiff was required to pay the costs of the foreclosure suit and of the sale made thereunder. *Held*, Error.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Decree modified.*

*August Wagner, A. Muldoon* and *I. L. Albert,* for appellant.

*L. E. Roach* and *Wilcox & Halligan, contra.*

DUFFIE, C.

In November, 1901, the county of Lincoln commenced an action to foreclose its lien for taxes which were then delinquent and unpaid on the land in controversy herein. A decree in favor of the plaintiff was entered, and the land was sold under said decree to the defendant William Horner, to whom the deed was made. At the time of commencing said action, and when the decree was entered, one Johanna Dineen was the owner of the fee title and a *bona fide* resident of the state. Service was had by publication only, and the fee owner had no notice or knowledge of the pendency of the action. By several mesne conveyances the fee title became vested in the plaintiff prior to the commencement of this action, and he seeks to have his title quieted as against the tax lien foreclosure, offering in his petition to pay all taxes due on the land with interest. The court entered a decree quieting plaintiff's title, but requiring him to pay, in addition to the taxes and interest, the cost of the foreclosure proceeding and the sale had thereunder, amounting to about $60. Plaintiff has appealed from so much of the decree as requires him to pay these costs.

A decree against a *bona fide* resident of the state based upon service by publication is absolutely void. *Eayrs v. Nason,* 54 Neb. 143; *German Nat. Bank v. Kautter,* 55 Neb. 103; *Payne v. Anderson, ante,* p. 216. The tax foreclosure and the sale thereunder being void, we can discover no reason for requiring the plaintiff to pay the cost of such void proceedings. We therefore recommend that the decree be modified, and that plaintiff's title be quieted upon

his paying to the defendant Horner the amount required to redeem from the tax sale, and that the cause be remanded to the district court, with directions to enter such a decree.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree is modified, and the plaintiff's title quieted upon his paying to the defendant Horner the amount of the foreclosure decree, with interest on the same at 7 per cent. per annum from the date therof, and all subsequent taxes paid by the defendant Horner, with interest at 10 per cent. per annum, and the cause is remanded to the district court, with directions to enter such a decree. ·

JUDGMENT ACCORDINGLY.