HAYES COUNTY, APPELLEE, v. EMERY R. WILEMAN ET AL., APPELLEES; FARM LAND COMPANY, APPELLANT.

FILED NOVEMBER 19, 1908. No. 15,385.

1. **Judgment: PROCESS.** A judgment rendered on service by publication against a resident of this state, on whom personal service might have been had, is absolutely void.

2. **Costs.** A judgment entered against the defendant for the costs made in an action, after the plaintiff has accepted payment in full of the claim on which the action was brought, is erroneous, if not void.

3. **Void Judgment: VACATING.** A void judgment is, in legal effect, nothing. All acts performed under it, and all claims flowing out of it, are void. Such a judgment may be vacated at any time on motion made for that purpose by an interested party, and section 82 of our code has no reference to a void judgment.

APPEAL from the district court for Hayes county: LESLIE G. HURD, JUDGE. *Reversed.*

*W. S. Morlan,* for appellant.

*P. W. Scott* and *C. A. Ready,* contra.

DUFFIE, C.

This action involved the title to the northwest quarter of section 6, township 8, range 33, in Hayes county, Nebraska. Emery R. Wileman, the owner of the land, had mortgaged the same to Stull Brothers, and they sold and assigned the mortgage to the appellant, the Farm Land Company, but the assignment of the mortgage had not been placed of record in Hayes county. In May, 1901, the county of Hayes commenced an' action against Wileman and wife, William and Louis Stull, the record owners of the mortgage, and other parties to foreclose a tax lien claimed by said county on the land for the delinquent taxes of 1895 to 1899, both inclusive. Personal service of summons was had upon Stull Brothers, and service by publication upon all the other defendants. No administrative sale of the land for these delinquent taxes was had previous to the commencement of this action. A decree was entered in October, 1901, which recites that at the time the action was commenced the sum of $69.20 was due the county for delinquent taxes and interest, but that said taxes had been paid since the commencement of the suit, and subsequent to the making of costs in the action to the amount of $22.88. Judgment was entered for these costs, and the land decreed to be sold to satisfy the same if not paid within 20 days from the entry of the decree. The costs not being paid, the land was sold to W. S. Liston for the sum of $120, and this sale was confirmed March 13, 1902. On May 29, 1902, the sheriff made a deed of the premises to Liston, and on the same day Liston and wife conveyed to John A. Dillon. In November, 1904, Emery R. Wileman served notice upon Liston, Dillon and the county that he would make application to have the decree entered in the case opened up and to be let in to defend. This application was heard by the court on the 25th day of November, 1904, the decree was opened, and Wileman allowed to file an answer. The appellant, the Farm Land Company, then obtained leave to intervene, and filed its

answer and cross-petition asking a foreclosure of its mortgage. Dillon answered the cross-petition of the Farm Land Company, denying the allegations thereof, and as a defense set up the former decree, the sale of the premises thereunder, the making of the sheriff's deed to Liston, and Liston's deed to himself, both of which had been placed of record. On the trial the court found that there was due the Farm Land Company, on its mortgage made by Wileman, the sum of $898.57, but dismissed its cross-petition so far as it affected Dillon's interest in the land. From this decree the Farm Land Company has appealed.

It is conceded that at the time this action was commenced Wileman was the owner of the land, and that he was a resident of Clay county, Nebraska. The owner of the equity of redemption is an indispensable party to the foreclosure of a tax or other lien. *Alexander v. Thacker*, 30 Neb. 614. Wileman being an indispensable party, and a resident of this state, a judgment foreclosing his interest in the land, entered against him on service by publication only, is void. *Payne v. Anderson,* 80 Neb. 216; *Wagner v. Lincoln County,* 80 Neb. 473. In the case last cited it is said: "A judgment rendered on service by publication against a resident of this state, on whom personal service might have been had, is absolutely void." In his affidavit to open up the decree in this case Wileman recites that he is a resident of this state; that at the time of entering the decree he was the owner of the premises; and that during the pendency of the action, and at all times since, he has been a resident of Nebraska; that he had no actual notice of the action in time to appear and make a defense, and no knowledge of the rendition of the decree until about August 25, 1904; that service could have been made upon him in Clay county, Nebraska, where he resided, and that five years had not elapsed since the rendition of the decree. It is evident from reading this affidavit that Wileman supposed that, in order to have the decree set aside, he should proceed under the provisions of section 82 of the code, which allows any person

served by publication only to have the judgment against him opened up at any time within five years, when he makes it appear to the satisfaction of the court that during the pendency of the action he had no notice thereof in time to appear and make his defense. The section further provides: "The title to any property, the subject of the judgment or order sought to be opened, which by it, or in consequence of it, shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title of any property sold before judgment under an attachment." Assuming that the court had no power to set aside the decree except under this section, the appellee Dillon insists that his title to the land in dispute cannot be affected by any proceedings which the court may take, and this was evidently the opinion of the trial court.

In this view we cannot concur. A void judgment is no judgment, and no rights can be acquired under it. A void judgment may be set aside at any time upon motion made to the court. *Foreman v. Carter,* 9 Kan. 674; *Hanson v. Wolcott,* 19 Kan. 207. The validity of the judgment may be shown by extrinsic proof. *Reynolds v. Fleming,* 30 Kan. 111; *Baldwin v. Burt,* 2 Neb. (Unof.) 383. "A court may at any time clear its records of unauthorized and illegal entries therein." *Feikert v. Wilson,* 38 Minn. 341. In *Heffner v. Gunz,* 29 Minn. 108, the supreme court of Minnesota said: "The judgment being void, and not merely irregular, the court was authorized to set it aside upon motion. *Lee v. O'Shaughnessy,* 20 Minn. 173; *Covert v. Clark,* 23 Minn. 539. In such a case the lapse of time is not a bar to the granting of the motion." Nor is it necessary that merits be shown on the part of the defendant. *Wendel v. Durbin,* 26 Wis. 390; *Mackubin v. Smith,* 5 Minn. 296. In that same case the court, speaking of the distinction between proceedings in equity to have a void judgment set aside or canceled and proceeding by motion for that purpose, said: "While, upon familiar principles of equity jurisprudence, an ac-

tion in the nature of a suit in equity for relief will not be entertained in such case merely upon the ground that the judgment was void, and without showing that by it substantial injustice was done, that rule is not applicable to motions of this kind. It is only when the motion is based upon irregularities merely, and not upon want of jurisdiction, or when the favor of the court is invoked, that merits must necessarily be disclosed." While not discussed in the opinion, the above is the view evidently taken by this court in *Baldwin v. Burt, supra.* From the above authorities it will be seen that it was the duty of the court to set aside the decree upon the showing made by Wileman that he was a resident of Clay county, Nebraska, and that he could have been served with summons there when the suit was commenced. Wileman had no need to appeal to the provisions of section 82 of the code to have the decree set aside, and, while the affidavit was apparently based thereon and made to conform thereto, we cannot see why he should be prejudiced by making a stronger showing than was necessary in order to obtain the relief demanded. The judgment was void on account of personal service not being made on Wileman. The decree on its face also shows that the taxes, on which the action was based, were paid previous to the trial of the case, and that the court retained the case for the purpose of entering judgment for the costs which had accrued in the action.

In an opinion showing great learning and research the supreme court of Wisconsin held that, where suit was commenced in an existing action, and where, during the pendency of the action, the defendant paid and the plaintiff accepted the full amount claimed and sued for, the court has no jurisdiction to enter judgment for costs. That the costs in an action are but an incident, which necessarily falls when the cause of action ceases to exist. Numerous cases are cited in support of this holding. *Two Rivers Mfg. Co. v. Beyer,* 74 Wis. 210. Our own court has

46

apparently adopted this rule. *Merrill v. Jones,* 39 Neb. 763. In every view which we take of the case the decree was a void decree, and, as said in Freeman, Void Judicial Sales, sec. 2: "A void judgment, order or decree, in whatever tribunal it may be entered, is, in legal effect, nothing. 'All acts performed under it, and all claims flowing out of it, are void.' Hence, a sale based on such a judgment has no foundation in law. It must certainly fall." In *Wagner v. Lincoln County,* 80 Neb. 473, we said: "The tax foreclosure and the sale thereunder being void, we can discover no reason for requiring the plaintiff to pay the cost of such void proceedings." We are entirely satisfied with that holding. The taxes in this case were paid and accepted by the county prior to the entry of any decree. It is so recited in the decree itself. If the county desired to hold the parties for the costs made, it should have refused to accept the taxes upon which the suit was founded, unless the costs then made should also have been discharged. We know of no principle of law or equity that requires a party to pay the costs of a void proceeding in order to relieve his land from a cloud cast upon it by reason of a void judgment, where no cause of action existed against him when the judgment was entered.

We recommend a reversal of the decree appealed from.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.