## STATE v. FRANK HOIST.[1]

### July 1, 1910.

### Nos. 16,616—(22).

**Affidavit of prejudice — judge.**

Upon the filing of an affidavit of prejudice, as provided by section 4101, R. L. 1905, the presiding judge is thereby incapacitated for the trial of the accused.

**Same — disqualification of judge.**

In the case at bar appellant was arraigned before the presiding judge on May 29, 1909. A plea of not guilty was entered, his trial was fixed for June 14, and his affidavit of prejudice was filed on June 5. *Held,* the affidavit was filed within two days before the expiration of the time allowed him by law to prepare for trial.

Defendant was convicted in the district court for Hennepin county of the crime of murder in the second degree and sentenced to confinement in the state prison for life. From the judgment defendant appealed. Reversed.

*J. Le Roy Smith* and *A. T. Ankeny,* for appellant.

*George T. Simpson,* Attorney General, *Al. J. Smith,* County Attorney, and *John M. Rees,* Assistant County Attorney, for the State.

LEWIS, J.

On May 27, 1909, appellant was indicted by the grand jury of Hennepin county, Minnesota, charged with the crime of murder

[1]Reported in 126 N. W. 1090.

in the first degree, and on May 28 the following day, was arraigned before Hon. Andrew Holt, one of the district judges of that district. A plea of not guilty was entered, and it was ordered that he should have, until the fourteenth of June in which to prepare for trial. On June 5 he executed and filed with the court an affidavit that his trial had been set for the fourteenth of June, that all the criminal cases on the calendar for trial during the then pending April general term of court had been assigned to Judge Holt, and that because of prejudice and bias on the part of that judge he had good reason to believe and did believe that he could not have a fair trial. On June 14 appellant appeared in court, and his attorney who had appeared for him at the time of his arraignment withdrew as his counsel. He was then asked by the court if he had no attorney, to which he replied that he had not, whereupon the court appointed attorneys to take charge of his defense, and the cause proceeded to trial, resulting in a verdict of guilty of the crime of murder in the second degree. A motion was made by defendant's counsel to set aside the verdict on the ground that Judge Holt was disqualified. The motion was denied, and judgment was entered, from which appeal was taken.

Section 4101, R. L. 1905, reads: "Any party to a cause pending in a district court having three or more judges, within one day after it is ascertained which judge is to preside at the trial thereof, may make and file with such judge, and serve on the opposite party, an affidavit stating that, on account of prejudice or bias on the part of such judge, he has good reason to believe, and does believe that he cannot have a fair trial of such cause, and thereupon such judge shall forthwith secure some other judge of the same or another district to preside at the trial, and shall continue the cause on the calendar until such judge can be present. In criminal actions such affidavit may be made and filed with such judge by the defendant not less than two days before the expiration of the time allowed him by law to prepare for trial, and in either of such cases such presiding judge shall be incapacitated to try such cause: Provided that in criminal cases such judge for the purpose of securing a

speedy trial, may, in his discretion, change the place of trial to another county."

Prior to the passage of this law (chapter 306, p. 720, Laws 1895), the only statute applicable to the disqualification of trial judges was section 4838, G. S. 1894, which reads: "No judge of any of the courts of record of this state shall sit in any cause in which he is interested either directly or indirectly, or in which he would be excluded from sitting as a juror." As construed in Sjoberg v. Nordin, 26 Minn. 501, 5 N. W. 677, the only disqualification of a trial judge was a pecuniary interest in the event of the action to be tried. The law of 1895 was before the court in State v. Gardner, 88 Minn. 130, 92 N. W. 529, where it was said that the statute gave a right not before possessed by the parties to actions in the district court, and it was held that the right of a defendant in a criminal case to incapacitate a judge to try his case by an affidavit of prejudice was limited to the presiding judge against whom the affidavit was filed in the first instance. In that case the presiding judge had assigned the case to another judge of the same district upon the filing of an affidavit of prejudice, and the defendant thereupon served another affidavit of prejudice against the second judge.

The new law introduced an entirely new feature, and its language is plain, direct, and positive. It means that the legislature intended that the filing of an affidavit of prejudice with the judge not less than two days before the expiration of the time allowed to prepare for trial operated of itself, without any other act on the part of either counsel or court, to incapacitate the judge from trying the same.

This leaves for examination what is meant by that provision of the statute which reads: "Within two days before the expiration of the time allowed him by law to prepare for trial." In the present case the court ordered that defendant have until June 14 to prepare for trial. Section 5334 provides for the arraignment, and time to answer the indictment, and the latter part of section 5380 provides: "After his plea the defendant shall be entitled to at least four days to appear for his trial if he requires it." All of these sections must be read together, and the evident meaning is that a defendant shall

have at least four days to prepare for trial after entering his plea, if he requires it; but the court is at liberty to fix such further time than four days as may seem reasonable to the court under the circumstances. The court named June 14 as the day of the trial, which gave the appellant until that time to prepare for trial. That date was fixed as provided by law. The affidavit of prejudice was filed within the time fixed by law, and upon the filing of the affidavit the judge to whom the cause had been assigned became incapacitated to try it.

It was therefore error to proceed with the trial, and the judgment is accordingly reversed.