Huff v. Arnett.

H. W. HUFF, APPELLANT, v. W. D. ARNETT, APPELLEE.

FILED JUNE 5, 1915.    No. 18205.

1. **Justice of the Peace:** CHANGE OF VENUE. In a civil action before a justice of the peace, the filing of an affidavit by defendant for a change of venue for bias of the justice does not of itself deprive the court of jurisdiction, if there is no other justice of the peace in the county to whom the case can be transmitted.

2. ———: REFUSAL OF CHANGE OF VENUE: REMEDY. In such case, the defendant's remedy is not error to the district court, but is by appeal.

APPEAL from the district court for Wheeler county: JAMES R. HANNA, JUDGE. *Affirmed.*

*A. L. Bishop,* for appellant.

*T. D. Meese* and *J. R. Swain, contra.*

BARNES, J. .

One W. D. Arnett commenced an action in forcible entry and detainer against H. W. Huff before T. P. Hardesty, a justice of the peace of Wheeler county. On the return day of the summons both parties appeared, and the defendant filed an affidavit for a change of venue, alleging that he could not, as he verily believed, have a fair and impartial trial on account of the bias and prejudice of the justice. A change of venue was about to be granted, when, on inquiry, it was ascertained that there was no other qualified justice of the peace in Wheeler county. The defendant's motion for a change of venue was overruled, the cause was tried, the defendant making no defense, and the justice of the peace entered a judgment for the plaintiff. Huff prosecuted error to the district court, where the judgment of the justice was affirmed. Thereupon Huff brought the case to this court by a petition in error.

There is no provision in the statute for bringing a civil action from the district court to this court by a petition

in error. The case, however, will be treated as though it were brought here on appeal.

It is the appellant's contention that the justice was deprived of jurisdiction by the filing of the affidavit, and the district court erred in affirming the judgment of the justice of the peace. Section 8404, Rev. St. 1913, provides, among other things: "Any defendant may apply for and obtain a change of venue, by filing an affidavit in the case, made by the defendant, his or her agent, or attorney, stating that the defendant cannot as affiant believes have a fair and impartial trial before such justice, on account of the interest, bias and prejudice of such justice against the defendant, and by paying costs, * * * whereupon it shall be the duty of the justice immediately to transmit all of the papers in the case, together with a certified transcript of all the proceedings before him, to the next nearest justice in his county." For the reason that there was no other justice of the peace in Wheeler county, the motion was properly overruled, and the petition in error was dismissed by the district court. In this there was no reversible error. The appellant has mistaken his remedy. Under the circumstances, he should have gone to trial, and, if the judgment was adverse to him, he should have taken the case to the district court on appeal. The judgment of the district court is therefore

AFFIRMED.

LETTON, SEDGWICK and HAMER, JJ., not sitting.