## STATE EX REL. ORVILL WILBERG v. W. E. McNAUGHTON.[1]

May 23, 1924.

No. 24,145.

**Essential allegations in affidavit of prejudice of judge.**

1. Where the statute provides for a change of judge if a party shall make it appear by affidavit that he has cause to believe that from bias or prejudice the judge will not decide impartially, the affidavit must state facts which will justify a reasonable mind in believing that the judge will not be impartial.

**Refusal of application to change judge may be reviewed on appeal.**

2. Where a court having jurisdiction of the subject matter and of the defendant erroneously denies an application for change of judge, the remedy is by appeal. The defendant is not entitled to be discharged on a writ of habeas corpus.

[1]Reported in 199 N. W. 103.

Upon the relation of Orvill Wilberg the district court for Washington county granted its writ of habeas corpus directed to the chief of police of Stillwater. From an order of the court commissioner discharging relator from custody, the chief of police appealed. Reversed.

*Edward D. Buffington*, City Attorney, for appellant.

*Hollis M. Comfort*, for respondent.

TAYLOR, C.

The relator was arrested under a warrant issued by the municipal court of the city of Stillwater charging him with having violated an ordinance of that city. He entered a plea of not guilty and filed an affidavit stating "that he has good cause to believe and does believe that from prejudice, the Hon. O. E. Lee, the judge of the above named court will not decide impartially in the above entitled matter," and further stating that the affidavit was made for the purpose of having the cause transferred to another judge of that court.

The act establishing the court provides that if a party "shall make it appear by affidavit that, from prejudice or other cause, he has good cause to believe that the judge will not decide impartially in the matter * * * the said municipal judge shall forthwith turn over the said cause with all the papers and records therein to the special judge."

The relator's application for a change of judge was denied on the ground that his affidavit was insufficient. He was convicted and committed to the city prison. He procured the issuance of a writ of habeas corpus directed to the chief of police and was discharged from custody thereunder by the court commissioner. The officer appealed to this court and the matter was submitted upon the return made to the writ.

The statute provides that if a party "shall make it appear by affidavit that," etc., the change shall be granted. Merely stating the conclusion of the party is not a compliance with this provision. The affidavit must state facts sufficient to justify a reasonable mind in believing that from bias or prejudice the judge will not be

impartial.   People v. Findley, 132 Cal. 301, 64 Pac. 472; Waterloo Gasoline Engine Co. v. O'Neill, 19 N. D. 784, 124 N. W. 951; State v Chapman, 1 S. D. 414, 47 N. W. 411, 10 L. R. A. 432; Henry v. Speer, 201 Fed. 869, 120 C. C. A. 207; 15 R. C. L. 530; Ex parte Curtis, 3 Minn. 188 (274); Mackubin v. Smith, 5 Minn. 296 (367); Burke v. Mayall, 10 Minn. 226 (287).   The relator relies on State v. Hoist, 111 Minn. 325, 126 N. W. 1090.   But the statute governing that case. prescribed what the affidavit should state, and the affidavit conformed to the statute.

But, even if the affidavit had been sufficient and the ruling clearly erroneous, the relator could not be released on a writ of habeas corpus.   His remedy was by appeal.   The judgment cannot be attacked under a writ of habeas corpus unless void for lack of power to render it.   If merely voidable for error, the remedy is by appeal. Dunnell, Minn. Dig. and Supps. § 4129, and cases there cited.   The writ cannot be used as a substitute for an appeal.

The court had unquestioned jurisdiction of the subject matter and of the defendant.   Where the court has jurisdiction, an application for change of judge on the ground of bias or prejudice is usually considered as of the same nature as an application for change of venue, and as governed by similar rules.   If erroneously denied, the error may be corrected by appeal or other proper proceeding, but does not render a judgment thereafter entered void for lack of jurisdiction.   United States v. Valante, 264 U. S. 563, 44 Sup. Ct. 411, 68 L. ed. 850; State v. Morgan, 44 Utah, 224, 140 Pac. 218, Ann. Cas. 1916D, 1279; Huff v. Arnett, 98 Neb. 420, 153 N. W. 496; Fraser v. Fargo, 135 Wis. 401, 116 N. W. 3; State v. Heacock, 106 Iowa, 191, 76 N. W. 654; Turner v. Conkey, 132 Ind. 248, 31 N. E. 777, 17 L. R. A. 509, 32 Am. St. 251; In re Justus, 65 Kan. 547, 70 Pac. 354; Ex parte Wright, 119 Cal. 401, 51 Pac. 639; In re Horr, 177 Cal. 721, 171 Pac. 801; Stamp v. Commonwealth, 195 Ky. 404, 243 S. W. 27; Stacy Fruit Co. v. McClellan, 25 N. D. 449, 142 N. W. 44.   It will be noted that in State v. Hoist, 111 Minn. 325, 126 N. W. 1090, on which the relator relies, the matter was presented by appeal, not by writ of habeas corpus.

The order discharging the relator is reversed and he is remanded to the official custody of the appellant.