F. G. McMULLEN, *Plaintiff in Error*, v. STATE OF FLORIDA, *Ex Relatone* J. B. JOHNSON, ATTORNEY GENERAL, *Defendant in Error*.

## Division B.

## Opinion Filed April 2, 1927.

1.  Where, because a Circuit Judge is "disqualified from interest" a matter is pursuant to Section 2681, Revised General Statutes of Florida, presented to a Judge of another circuit for adjudication, it must affirmatively appear by the record that such latter Judge duly acquired jurisdiction by reason of the disqualification of the other judge.

2.  The record must affirmatively show that the jurisdiction was acquired in compliance with the statute.

3.  The interest that disqualifies a Judge within the meaning of the statute is property interest.

4. A disqualifying interest is a pecuniary or proprietary interest, a relation by which as debtor or creditor or heir or legatee or otherwise, the Judge will gain or lose something by the result of the proceedings, in contradictinction to an interest of feeling or sympathy or bias that would disqualify a juror.

5. If the nature of the suit is such that no individual property interest of the Judge or juror is involved in it there can be no disqualification as to either on the ground of interest.

6. The judicial ermine does not absolve the individual from the duty, nor deprive him of the right to participate with other citizens in public movements nor the public good which do not in any particular manner affect his private interest more than those of other citizens.

7. We arrive at the conclusion that the Order of Disqualification entered by Judge Thomas was erroneous; that the facts stated in the order did not constitute grounds of disqualification and that the said Judge was not thereby disqualified. It therefore follows that all orders made by Judge Chillingworth upon the assumption that Judge Thomas was disqualified were made without lawful authority. and were void.

A Writ of Error to the Circuit Court for St. Lucie County; C. E. Chillingworth, Judge.

Reversed.

*Fee & Liddon,* for Plaintiff in Error;

*Dawe & Rogers,* and *James T. Vocelle,* for Defendant in Error.

BUFORD, J.—In this case the Attorney General filed an information in the nature of *quo warranto* in the Circuit Court of St. Lucie County to test the title of the Plaintiff

in Error to the Office of Supervisor of the North St. Lucie River Drainage District.

The Attorney General also filed a suggestion of the disqualification of Judge Elwyn Thomas to entertain the cause upon the ground that the same involves the question of the right and title to the office of Supervisor of the North St. Lucie River Drainage District and that the Judge of the Court is an interested party in that the Judge of the Court was a property owner, taxpayer and voter in said district.

On the motion being presented to the Honorable Elwyn Thomas, Judge, he entered an order of disqualification, as follows:

"The above stated cause having been presented to the Court upon petition to the realtor for leave to file an information in the nature of a *quo warranto,* and it appearing to the Court that the right and title to the office of Supervisor of the North St. Lucie River Drainage District is in question, and that the Judge of this Court is a property owner in said district and a taxpayer therein and therefore an interested party;

It is therefore, hereby considered, ordered and adjudged that the Judge of the Circuit Court of Twenty-first Judicial Circuit of the State of Florida be, and he is hereby disqualified from assuming jurisdiction in said cause, and does for the reason herein set forth decline to assume jurisdiction therein."

Thereupon the information was presented to Honorable C. E. Chillingworth, Judge of the 15th Judicial Circuit, who made certain orders therein and finally made an order, as follows:

"This cause coming on to be heard before me on motion of the State of Florida *ex relatone* J. B. Johnson, Attorney General, for a Judgment of ouster, and it appearing to

the Court that on the 5th day of August, A. D. 1926, the Court entered an order that judgment of ouster be issued against the said F. G. McMullen.

NOW THEREFORE, it is considered, ordered and adjudged that the said F. G. McMullen be ousted and altogether excluded from the office of Supervisor of North St. Lucie River Drainage District, of the County of St. Lucie, and State of Florida; and also that the said J. B. Johnson, Attorney General of the State of Florida, do recover against the said F. G. McMullen the costs of this proceeding to be taxed by the Clerk of this Court, which are hereby taxed at $11.80, and that execution do issue therefor.

Done, ordered and adjudged at Chambers in the City of West Palm Beach, Florida, on this the 15th day of September, A. D. 1926.''

The respondent in court below sued out writ of error, assigning three errors as follows:

''1. The Honorable Elwyn Thomas erred in entering his order of disqualification.

2. The Court erred in overruling the motion to quash.

3. The Court erred in its order sustaining the demurrer and granting motion to strike, dated August 5th, 1926, recorded in Chancery Order Book 5, page 328.''

It will only be necessary for us to consider the first assignment of error. It will be observed that the information was presented to the Judge of the 15th Circuit under what was assumed to have been authority of Section 2681, Revised General Statutes of Florida. Such section was originally Section 4 of Chapter 373, Acts of 1851, and unless jurisdiction was acquired under provisions of that section then the Judge of the 15th Judicial Circuit was without authority to make any orders in the premises. In Sanchez v. Sanchez, 21 Fla. 346, it was held that the record must affirmatively show that the jurisdiction was ac-

quired in compliance with the statute. The order of disqualification sets up the ground upon which Judge Thomas assumed that he was disqualified.

This Court in the case of Sauls v. Freeman *et al.*, 24 Fla. 209, 4 Sou. 525, say:

''The interest meant by the statute is property interest. In Inhabitants of Northampton v. Smith, 11 Metcalf, 395, it is said that the interest must be a pecuniary or proprietary interest, a relation by which as debtor or creditor, or heir or legatee or otherwise, the Judge will gain or lose something by the result of the proceedings, in contradistinction to an interest of feeling or sympathy or bias that would disqualify a juror. See also Sjoberg v. Nordin, 26 Minn. 501. If the nature of the suit is such that no individual property interest of the Judge or juror is involved in it there can be no disqualification as to either on the ground of interest.''

And further in the same opinion, the Court says:

''The judicial ermine does not absolve the individual from the duty, nor deprive him of the right to participate with other citizens in public movements for the public good which do not in any particular manner effect his private interests more than those of other citizens. How far he may do so in anticipation of the probability or chance that he may be called to decide upon the legality of such proceedings, is with him a consideration of prudence or good taste, to be determined in his own breast. If he were thereby disqualified he would be required to renounce all civic privileges. He could not even try a contested election case where he had voted for one of the contestants.''

Mr. Justice RANEY, in speaking for the Court in that case, cited numerous authorities to support the theory of the law which he therein enunciated, and it appears that

the same principles are to be applied in this case and, applying these rules of law, we arrive at the conclusion that the order of disqualification entered by Judge Thomas was erroneous; that the facts stated in the order did not constitute grounds of disqualification and that the said Judge was not thereby disqualified. It therefore follows that all orders made by Judge Chillingworth upon the assumption that Judge Thomas was disqualified were made without lawful authority and were void.

The order of disqualification of Judge Thomas should be reversed and the order and judgment of ouster made by Judge Chillingworth should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.