UNITED STATES v. MORTENSEN et al.
Civ. A. No. 423.

United States District Court
D. Nebraska, Grand Island Division.
June 23, 1951.

James L. Brown, Asst. U. S. Atty., of Lincoln, Neb., for the plaintiff.

Cyril P. Shaughnessy, of St. Paul, Neb., for the defendant Niels E. Mortensen.

Richard J. Haggart, of St. Paul, Neb., for the defendant St. Paul Cooperative Grain Ass'n.

DELEHANT, District Judge.

The defendants have filed (with no proof of service) a motion to dismiss this action and for the taxation of costs to the plaintiff.

The plaintiff's complaint filed May 12, 1951 prays only for judgment against the defendants for "$314.02 plus interest at the daily rate of accrual of $.0417 from October 1, 1950 to date of judgment and interest on the judgment at the rate of 6 percent per annum and the costs of this action". Actual service of summons was made on one defendant on May 28, 1951 and on the other defendant on May 29, 1951. On June 18, 1951 the motion was filed. Omitting its caption and signature, it is in the following language:

Comes (sic) now the defendants and pay into court the amount prayed for in the petition, to-wit: the sum of $314.02 plus interest at the daily date of accrual of $.0417

from October 1, 1950 in the amount of $10.72 or a total of $324.74.

"Wherefore defendants move the court to dismiss the action because the debt is paid and that the costs be paid by plaintiff."

In point of fact, neither the computed and described amount of money nor any other amount was paid into court. The clerk's file indicates that the designated sum has probably been tendered to counsel for the plaintiff.

But the motion is so patently without foundation that it is being summarily denied and overruled.

In the first place, for want of statutory authorization therefor, costs may not be taxed in this case against the plaintiff. Title 28 U.S.C.A. § 2412(a), Rule 54(d), Federal Rules of Civil Procedure, 28 U.S.C.A.

But even if the plaintiff were not the United States, but a suitor subject to the usual incidence of the court costs of litigation, the showing reflected by the present record would demonstrate the invalidity of the defendants' motion with its demand for the taxation of costs against the plaintiff. No question of a payment or tender of payment before suit is shown to be involved. Insofar as the files of the clerk disclose, the payment referred to in the motion is shown to have been tendered only after the service of process upon the defendants. And such a tender, without a further showing of its unconditional acceptance, is inadequate to purge the defendants of their liability for costs to the extent of their accrual prior to the tender. Hayes County v. Wileman, 82 Neb. 669, 118 N.W. 478. Liability for costs to that extent is also implicit in the provisions of Rule 68, Federal Rules of Civil Procedure relating to the offer of judgment.

So far upon the subject of costs. Whether the plaintiff's demand for judgment for the debt allegedly due to it is subject to dismissal upon motion must also depend upon its acceptance of the tendered payment and due showing of such acceptance. The present record clearly does not warrant such a dismissal.

No final determination respecting the liability of the defendants to the plaintiff or taxation of costs is now made. The defendants' motion for dismissal and the taxation of costs against the plaintiff is simply rejected. And upon all of its issues the case will remain pending. Unless earlier disposition shall be made of it by the joint action of the parties, the defendants will serve and file their answer to the complaint within ten days from this date.