## STATE v. RODWAY.

Whereas, under Section 20, c. 78, Laws 1890, (County Court Law,) an application is made for a change of judges on account of the bias or prejudice of the presiding judge, such bias or prejudice must be made to appear "to the satisfaction of the court;" and affidavits stating merely the fact of such bias or prejudice do not necessarily prove the same "to the satisfaction of the court." A record showing the denial of the application, upon such affidavits, exhibits no error. Following State v. Chapman, 1 S. D. 414, 47 N. W. Rep. 411.

(Syllabus by the court. Submitted Oct. 8, 1890. Opinion filed Feb. 11, 1891.)

Error to Lincoln county court. Hon. A. G. STEINER, Judge.

The facts so far as material are fully stated in the opinion.
*Winsor & Kittredge*, for plaintiff in error.
*Robert Dollard, Attorney General*, for defendant in error.

KELLAM, J.    The plaintiff in error was tried and convicted in the county court of Lincoln county for violating Chapter 101, Laws 1890, by keeping a common nuisance in the City of Canton, in said county. After pleading, and before trial, plaintiff in error presented his own affidavit, supported by others that the same was true, alleging that the judge of said court "is prejudiced and biased in said action against him, and that he cannot have a fair and impartial trial before said court while said judge is presiding." and asked in writing that another judge from some adjoining county be called in to try the cause as prescribed by Section 20, c. 78, Laws 1890. The application was denied, to which plaintiff in error duly excepted, and to review this alleged error the case comes to this court.

This same question was presented to this court, and considered at length, in State v. Chapman, 1 S. D. 414, 47 N. W. Rep. 411, and it was there held that affidavits making the naked allegation of the bias and prejudice of the judge do not necessarily make it "appear to the satisfaction of the court" that the judge is so biased or prejudiced; that the clear intimation of the expression, "to the satisfaction of the court," is that the court shall judicially consider and pass upon the sufficiency of the affidavits presented, or other testimony, to prove the fact of bias or prejudice, and that the bare statement of the ultimate fact, in one or more affidavits, is not conclusive upon the judgment of the court; that it is the judgment of the court, and not that of the affiant, that is to be satisfied; and the court is not compelled to adopt as its own the conclusion or the judgment of the party making the affidavit  Following the case cited, the judgment appealed from is affirmed.    All the judges concurring.

Reporter:    The counsel in this case referred the court to their briefs in the case of State v. Chapman, 1 S. D. 414, and presented no new arguments in support of their positions.