123 N. W. 826.

---

WATERLOO GASOLINE ENGINE COMPANY v. W. K. O'NEILL.

Opinion filed January 24, 1910.

**County Court—Certification to District Court—Sufficiency of Affidavit.**

Section 8294, Rev. Codes 1905, which requires county courts of increased jurisdiction to certify cases to the district court when "it shall appear to the court by affidavit, or if the court shall so order, upon other testimony, that a fair and impartial trial cannot be had in such court by reason of the bias or prejudice of the judge or otherwise," construed, and held not to require a certification of a case to the

district court upon an affidavit setting forth no facts, but merely the conclusion that the moving party has reason to and does believe, that the county judge is so prejudiced against him that he cannot obtain a fair and impartial trial.

Appeal from Stutson County Court; *Conklin*, J.

Action by the Waterloo Gasoline Engine Company against W. K. O'Neill. Judgment for plaintiff, and defendant appeals.
Affirmed.

*F. Baldwin,* for appellant.

*Oscar J. Seiler* and *A. W. Aylmer,* for respondent.

Fisk, J. This is an appeal from a judgment of the county court of Stutsman county, and the sole question raised by the assignment of errors involves the construction of section 8294, Rev. Codes, 1905. This section is as follows: "In any civil or criminal cause of which this court has jurisdiction, whenever at any time before said cause is called for trial it shall appear to the court by affidavit, or if the court shall so order upon other testimony that a fair and impartial trial cannot be had in such court by reason of the bias or prejudice of the judge or otherwise, the court shall direct said cause and all papers and documents connected therewith to be certified to the district court of the county wherein said county court is held; and such papers shall be delivered to the clerk of the district court at least one day before the first day of the next term thereof and shall be placed upon the trial calendar and stand for trial the same as cases originally commenced in the district court." The record discloses that before the cause was called for trial defendant moved the court "for a change of venue therein," presumably intending to ask the court to certify the cause to the district court, pursuant to provisions of the above action. In support of his motion, and as a sole basis thereof, defendant presented to the court the following affidavit, omitting formal parts: "W. K. O'Neill, being duly sworn, says that he is the defendant in the above entitled action; that Marion Conklin, judge of the county court before whom said action is pending, he has good reason to; and does, believe is so prejudiced against him that he cannot obtain a fair and impartial trial before him, the said Marion Conklin, judge of the county court." The motion was denied, the ground of such denial being that the affidavit was insufficient, and

it does not appear therefrom that the defendant cannot have a fair and impartial trial in such court. Thereafter, the cause having been regularly called for trial, defendant made default, whereupon a jury was waived, proof submitted, and judgment rendered in plaintiff's favor, from which this appeal is prosecuted.

It is appellant's contention that the presentation and filing of the affidavit as aforesaid ipso facto ousted the county court of jurisdiction, and that it thereby became incumbent on the court to certify such cause to the district court. In other words, he contends that the statute above quoted is analogous to sections 8375, 9929, Rev. Codes, the first of which provides for a change of venue from a justice court and the latter from a district court. Upon a comparison of these statutes with the one in question, it is entirely clear that they are wholly dissimilar. Section 8294, as its plain language denotes, does not require the county court to certify the case to the district court except when it is made to appear to the court that a fair and impartial trial cannot be had in such court by reason of the bias or prejudice of the judge. The other statutes cited merely require the filing of an affidavit stating in the language of the statute that he believes or has reason to believe that he cannot obtain a fair and impartial trial, etc. It will be readily seen that under the statute here involved facts not mere conclusions or beliefs, must be set forth in the affidavit from which it is made to appear that such fair and impartial trial cannot be had. The court should, at least, be able to determine from the facts thus shown that the application is made in good faith, and not merely for the purpose of delay.

Under the other statutes, no discretion whatever is vested in the court or judge. The filing of the statutory affidavit ipso facto ousts such courts of jurisdicion, and requires a transfer of the case or a change of the judge. Our views above expressed are fully supported by the authorities. 4 Ency. Pl. & Pr. 434; 12 Cyc. 245; Territory v. Egan, 3 Dak. 119, 13. N. W. 568; State v. Chapman, 1 S. D. 414, 47 N. W. 411, 10 L. R. A. 432; State v. Rodway, 1 S. D. 475, 47 N. W. 1061; People v. Williams, 24 Cal. 31.

Judgment affirmed. All concur, except ELLSWORTH, J., not participating.