RUDOLPH GRABAU, Respondent, v. HERMAN NURNBERG, Appellant.

(166 N. W. 508.)

**District court — term of — day of opening — adjourns to day certain — affidavit of prejudice — filed after opening of term — before adjourned date — not timely filed — court — may disregard.**

1. Where, on the day of the opening of the term of district court, the court convenes, continues pending matters, and adjourns to a day certain, an affidavit of prejudice, filed after the opening of the term but before the date to which the adjournment was taken, is not filed within the time required by § 7644, Comp. Laws 1913, and may be disregarded by the court.

Cropper's contract — farming — complaint — allegations of — advances to plaintiff — plaintiff's share of crops was security for — credit extended — crops raised — accounting.

2. Where a complaint alleges that plaintiff had farmed the land for defend- ant for two years under cropper's contract; that defendant had received prac- tically all of the crops; that plaintiff had purchased on credit defendant's share of some of the crops; that defendant had made advances to the plaintiff, for which plaintiff's share of the crop was security; that defendant had extend- ed credit to the plaintiff on a store account; and that defendant kept account of the amount and value of crops received, advances made, etc.,—the complaint states a cause of action for accounting.

Compromise negotiations — admissions made during — independent facts — with respect to — subsequent litigation — admissions so made — may be received in evidence.

3. Where, during compromise negotiations, a party makes an admission with respect to independent facts, such admission may be received in evidence in subsequent litigation.

Evidence — sufficiency of.

4. Evidence examined and *held* to support the judgment.

Opinion filed December 14, 1917. Rehearing denied February 7, 1918.

Action for an accounting.

Appeal from District Court of Stutsman County, *J. A. Coffey,* J. Affirmed.

*John A. Jorgenson,* for appellant.

A court of equity cannot assume jurisdiction of every transaction between individuals in which an accounting is to be adjusted. 1 C. J. 613, note 59.

There must be need of discovery, the accounts must be complicated, and there must exist a trust or fiduciary relation, to warrant equitable interposition. 1 C. J. 613, note 62; Clements v. W. S. Cooper Co. 136 N. Y. Supp. 93; Equitable Life Assur. Soc. v. Brown, 213 U. S. 25, 53 L. ed. 682, 29 Sup. Ct. Rep. 404; 1 C. J. 617, note 6; Foley v. Hill, 2 H. L. Cas. 28, 37, 9 Eng. Reprint, 1002; Nesbit v. St. Patrick's Church, 9 N. J. Eq. 76; Babbott v. Tewksbury, 46 Fed. 86; Kuhl v. Pierce County, 44 Neb. 584, 62 N. W. 1066; Lamaster v. Scofield, 5 Neb. 148; Uhlman v. New York, L. Ins. Co. 109 N. Y. 421, 4 Am. St. Rep. 482, 17 N. E. 363; Marvin v. Brooks, 94 N. Y. 71; Smith v. Bodine, 74 N. Y. 30; Williams v. Slote, 70 N. Y. 601; Niehaus v.

Niehaus, 141 App. Div. 251, 125 N. Y. Supp. 1071; Howell v. Crosby, 89 Hun, 355, 35 N. Y. Supp. 328; Abbey v. Wheeler, 85 Hun, 226, 32 N. Y. Supp. 1069; Hackett v. Equitable Life Assur. Soc. 30 Misc. 523, 63 N. Y. Supp. 847; Bellingham v. Palmer, 54 N. J. Eq. 136, 139, 33 Atl. 199; Fluker v. Taylor, 3 Drew. 183, 192, 61 Eng. Reprint 873; State v. Churchill, 48 Ark. 426, 3 S. W. 352, 880.

The fact that many book accounts, books, and entries are to be examined before the party sued can be fixed with liability does not oust the jurisdiction of a court of law. Fowle v. Lawrason, 5 Pet. 495, 8 L. ed. 204; Baker v. Biddle, Baldw. 394, Fed. Cas. No. 764; Pollak v. H. B. Claflin Co. 138 Ala. 644, 35 So. 645; Beggs v. Edison Electric Illuminating Co. 96 Ala. 295, 38 Am. St. Rep. 94, 11 So. 381; State v. Bradshaw, 60 Ala. 239; Church v. Anti-Kalsomine Co. 118 Mich. 219, 76 N. W. 383; 1 C. J. 620, note 37.

An offer to do something by way of compromise cannot be called an admission. West v. Smith, 101 U. S. 263, 25 L. ed. 809; White v. Old Dominion S. S. Co. 102 N. Y. 661, 6 N. E. 289.

An unaccepted offer of compromise is irrelevant to the issue of liability. Feibelman v. Manchester F. Assur. Co. 108 Ala. 180, 19 So. 540; Dennis v. Belt, 30 Cal. 247; Davis v. Simmons, 1 Ariz. 25, 25 Pac. 535; Holy Cross Gold Min. & Mill Co. v. O'Sullivan, 27 Colo. 237, 60 Pac. 570; Fowles v. Allen, 64 Conn. 350, 30 Atl. 144; Kelly v. Strouse, 116 Ga. 872, 43 S. E. 280; Kroetch v. Empire Mill Co. 9 Idaho, 277, 74 Pac. 868; Chicago, E. & L. S. R. Co. v. Catholic Bishop, 119 Ill. 525, 10 N. E. 372; Louisville, N. A. & C. R. Co. v. Wright, 115 Ind. 378, 7 Am. St. Rep. 432, 16 N. E. 145, 17 N. E. 584, 14 Am. Neg. Cas. 488; Rudd v. Dewey, 121 Iowa, 454, 96 N. W. 973; Myers v. Goggerty, 10 Kan. App. 190, 63 Pac. 296; Groff v. Hansel, 33 Md. 161; Hutchinson v. Nay, 183 Mass. 355, 67 N. E. 601; Ward v. Munson, 105 Mich. 647, 63 N. W. 498; Melby v. Osborne, 35 Minn. 387, 29 N. W. 58; Smith v. Shell, 82 Mo. 215, 52 Am. Rep. 365; Boice v. Palmer, 55 Neb. 389, 75 N. W. 849; Greenfield v. Kennett, 69 N. H. 419, 45 Atl. 233; Scheurle v. Husbands, 65 N. J. L. 681, 48 Atl. 1118; Tennant v. Dudley, 144 N. Y. 504, 39 N. E. 644; Ely v. Norfolk, S. R. Co. 102 N. C. 42, 8 S. E. 779; Sherer v. Piper, 26 Ohio St. 476; Fisher v. Fidelity Mut. Life Asso. 188 Pa. 1, 41 Atl. 467; Norris v. Hartford F. Ins. Co. 57 S. C. 358, 35 S. E. 572; Reagan v. McKibben,

11 S. D. 270, 76 N. W. 943, 19 Mor. Min. Rep. 556; Strong v. Stewart, 9 Heisk. 137; International & G. N. R. Co. v. Ragsdale, 67 Tex. 24, 2 S. W. 515; Brown v. Shields, 6 Leigh, 440; Richards v. Noyes, 44 Wis. 609; West v. Smith, 101 U. S. 263, 25 L. ed. 809; Knowles v. Crampton, 55 Conn. 336, 11 Atl. 593.

"A covenant on the part of the lessee to repair or keep in good repair imposes on him an obligation to rebuild the demised premises if they are destroyed during the term by fire, or other casualty, even where he is without fault." 24 Cyc. 1089.

*John W. Carr,* for respondent.

"In the absence of statutory provision, bias or prejudice on the part of the judge does not disqualify him. Disqualifying a judge on the ground of prejudice is so liable to abuse that many states have refused to adopt such rule, and even where it has been adopted liability to abuse induces the most rigid construction of its terms." 23 Cyc. 582 and cases cited in note.

Objection to a judge must be made timely or it will be disregarded. 23 Cyc. 591 and cases cited; Stockwell v. Crawford, 21 N. D. 261, 130 N. W. 225.

The order refusing to grant an application for a change of judges is an appealable one. White v. Chicago, M. & St. P. R. Co. 5 Dak. 508, 41 N. W. 730; Robertson Lumber Co. v. Jones, 13 N. D. 112, 99 N. W. 1082.

Whenever the subject-matter involved in the litigation cannot be fully investigated in a court of law, a court of equity exercises a sound discretion in decreeing an account. 1 C. J. 612, 614–616, 618, 619, §§ 56–58, 63.

"An accounting in equity may generally be had where the funds or property are jointly owned or held, and one party refuses to account to the other for his share." 1 C. J. 619, 620, 624, §§ 64, 75.

BIRDZELL, J. This is an appeal from a judgment entered by the district court of Stutsman county in an action for an accounting. The facts are as follows:

During the years 1914 and 1915 the plaintiff farmed certain land owned by the defendant. His lease was in the form commonly called a cropper's contract, in which the title to the crops was reserved in the

defendant until settlement. There was very little crop grown on the land in 1914, and by reason of this fact, together with the poor quality of that which was grown, no grain was marketed, except a small quantity of wheat. Plaintiff bought the defendant's share of the oats and speltz. The defendant sold the wheat, amounting to about $63, and retained the money. In the year 1915, the crops consisted of wheat, barley, oats, and speltz, which the defendant received and sold, retaining the proceeds. During this time, the defendant had a store in Jamestown, at which the plaintiff ran an account. Defendant also advanced to the plaintiff sums of money at various times. The defendant owned a threshing machine in 1915, which the plaintiff operated for him for a short period. When the parties undertook to settle in the fall of 1915, they could not reach an agreement. Several conferences were held, at some of which the parties and their attorneys were present, but no satisfactory settlement was concluded. Whereupon plaintiff brought this action for an accounting. The action resulted in a judgment in favor of the plaintiff for $995.66, with interest at 6 per cent from November 1, 1915, and costs. The items of account, as found by the trial court and upon which the judgment is based, are as follows:

"The court finds that the defendant sold the entire wheat and barley crop raised on said land under said contract in the season of 1915, and received therefor the following amounts: For the wheat crop, the sum of $1,980.80; and for the barley crop, the sum of $2,785.55,—making a total sum received by the defendant for the entire wheat and barley crops of 1915 of $4,766.35. That the defendant now retains the entire amount last named.

"The court finds that the plaintiff is entitled to the following credits in addition to the above, to wit:

| | |
|---|---:|
| Twelve days' services in charge of defendant's threshing outfit in the season of 1915, at $10 per day | $ 120.00 |
| For hauling the defendant's threshing outfit to his farm | 15.00 |
| For teams and wagons in threshing season of 1915, furnished to defendant, at deft. request | 78.75 |
| One half of 125 bushels of oats used for feed by defendant in threshing season of 1915, at 50 cents per bushel | 31.25 |
| Plaintiff's total credits | $2,628.17 |

That there should be deducted from the above sum of plaintiff's credits, $2,628.17, the following credits due to the defendant, to wit:

| | |
|---|---:|
| 609 bushels of oats at 50 cents per bu. | $   304.50 |
| Interest on this sum at 10 per cent, from Jan. 1, 1915, to Nov. 1 | 25.40 |
| 400 bus. speltz at 50 cents per bu. | 200.00 |
| Interest on above sum at 10 per cent from Jan. 1, 1915, to Nov. 1 | 16.17 |
| Money paid Klingman | 48.25 |
| Money paid Walters | 4.95 |
| Money paid Padden | 62.00 |
| Note dated March 19, 1915, for $110, with interest at 10 per cent to Nov. 1, 1915 | 116.78 |
| Fletcher's thresh. bill for threshing wheat, 1915 crop | 130.30 |
| Threshing speltz, 1915 | 50.09 |
| Threshing barley, 1915 | 222.60 |
| Threshing oats, 1915 | 46.62 |
| Plaintiff's account at defendant's store | 130.05 |
| Interest on above, October 23, 1915, at 10 per cent to Nov. 1 | .30 |
| Agreed price under contract for pasture for 1915 | 150.00 |
| Agreed price for potato and millet land for 1914 | 34.00 |
| For the use of the land included by plaintiff in the pasture, and designated in the evidence as "the flat" for the year 1915, on the basis of its value for pasture land, the defendant should be allowed the sum of | 100.00 |

The court finds from the evidence that, until this action was commenced by the plaintiff, that the defendant asked only $100 for the use of this flat for the two years, 1914 and 1915. The court finds that as early as July, 1914, the defendant knew that this land designated as the flat was fenced in by the plaintiff as a part of the pasture land, and that defendant made no objection to this land being so used. And that the land designated as the flat, and fenced in as pasture by the plaintiff, is in fact land that is of poor quality, and land best adapted to grazing purposes. That only a small part of said tract had ever been broken, prior to the year 1915, and that at the time the plaintiff took possession of said farm, this tract had gone back to sod.

"Total credits due to defendant ................... $1,632.51

"That there should be deducted from plaintiff's total credits, mentioned in paragraph five (5) herein, the defendant's total credits, as

set forth above, which leaves the balance due to the plaintiff herein, $995.66."

The appellant argues eighteen assignments of error, some of which are so obviously without merit that a discussion of them could serve no useful purpose. We will, therefore, confine our discussion to the main propositions advanced by the appellant.

It is first contended that this action should not have been tried by the trial judge who tried it, for the reason that an affidavit of prejudice was filed. Section 7644, Comp. Laws, 1913, provides that, upon the filing of an affidavit of prejudice before the opening of the term, the presiding judge shall proceed no further with the case. The time for the opening of the term in which the action was to be tried was June 19th. On this day the court convened at 9:30 a. m., and took up certain citizenship matters and entered a minute order continuing motions, demurrers, and other pending matters until July 10th at 10 a. m. On the same day a jury was called for the term which was thus continued to July 10th. The affidavit of prejudice was filed in this case on July 8th, and it was disregarded by the court for the reason that it was not filed in time. While the statute giving to suitors the right to file an affidavit of prejudice makes it the mandatory duty of the court to refrain from further proceedings and to call in another judge, it also fixes definitely the time for the filing of such affidavits as being before the opening of the term. We are of the opinion that a term is begun, within the meaning of this statute, on the day fixed by law for the convening of the term. If the term is adjourned to a later date, such adjournment does not fix a new date for the opening of the term, but only operates to suspend for a definite interim the proceedings that may be had within the term that has already opened.

It is next contended that the court erred in refusing to sustain an objection to the introduction of evidence, on the ground that the complaint failed to state a cause of action for accounting. In support of this contention, the appellant relies upon the doctrine that equity will not assume jurisdiction of any controversy where a money judgment is sought, merely upon the grounds that the transactions between the parties are numerous and involve matters of set-off. We are of the opinion, however, that the complaint states a cause of action properly cognizable in equity. It alleges that plaintiff farmed the land two years

and produced crops; that the amount of the crops is unknown to the plaintiff and known to the defendant, who had actually received the same and the proceeds thereof; and it admits that the plaintiff was indebted to the defendant on account of advances made by the defendant, of which the plaintiff had kept no account but of which the defendant had a record. So, not only were the items numerous and somewhat complicated, but the defendant was in a position superior to that of the plaintiff with regard to the knowledge of the transactions involved. Furthermore, under the contract in question, the defendant must be held to have received the plaintiff's portion of the crops as security merely, and, having received them in this capacity, is bound to account to the plaintiff as a fiduciary. See Pom. Eq. Jur. § 1421.

It is contended that a finding of the court relative to the rental value of certain lands designated as "the flat" can only be supported by incompetent evidence. The testimony referred to as being incompetent is in the nature of admissions which were made during the progress of the negotiations looking toward a settlement of the controversy. It is true, as contended, that an unaccepted offer of compromise should not be received in evidence as an admission; but it is also true that where, as here, during negotiations looking toward a compromise, one of the parties makes a definite statement relative to independent facts, such statement is admissible regardless of the fact that it was made during the negotiations. See 16 Cyc. 950.

When the evidence is examined in the light of the rule as thus properly qualified, there can be little question but what it supports the finding of the court.

As to the remaining assignments, they are not of sufficient merit to warrant attention. The record discloses that a fair trial was had, and that it resulted in an accounting as just, if not more so, than could be awarded by this court upon the cold record, no matter how painstaking our efforts might be. We find nothing in the record which would warrant us in disturbing the judgment or in granting a new trial. The judgment of the trial court is affirmed.

ROBINSON, J. (concurring). This case presents an appeal from a judgment against defendant for $1,045.46 and costs. The action arises from one of those cut-throat cropping contracts under which plaintiff

farms certain lands of the defendant during the years 1914 and 1915. Each party was to have an equal share of the crops, and until a division the title of all the crops was to be in the defendant. In 1914 the crop was poor and the plaintiff run in debt to the defendant. In 1915 the crop was good and defendant took it all and neglected and refused to make any division. When he got the plaintiff's money into his pocket he concluded that was a good place to keep it. He trumped up false claims and forced the plaintiff to incur the needless expense of this action, and now he presents a printed brief of 125 pages and asks this court to consider eighteen assignments of error. The alleged errors amount to nothing. The case presents no question of law. It depends entirely on questions of fact. The question is: Does the evidence sustain the findings? As the record shows, the trial court has carefully stated the account between the parties, and it might well have been a few hundred dollars more in favor of the plaintiff.

The plaintiff is given credits amounting to ............................$2,628.17
The defendant has credits ........................................... 1,632.51

The balance is ................................................... 995.66
The interest made it ............................................... 1,045.46

As the record shows, defendant presented to the court a trumped-up and dishonest account against the plaintiff, claiming a balance of $2,-554.98. It included these items:

In 1914, 75 acres tillable land used by plaintiff as pasture..,...............$ 375.00
Interest at 10% ..................................................... 50.00
In 1915, 75 acres used as pasture .................................... 750.00
Interest at 10% ..................................................... 12.50
In 1915, 35 acres used as corn ground ................................ 350.00
Interest at 10% ..................................................... 5.80
7 acres millet ground ............................................... 70.00
Damage to house by negligence of plaintiff .......................... 100.00

Such manifestly dishonest charges in a verified account give to other items a strong suspicion of dishonesty. The same is true of defendant's testimony. It does not bear criticism. It is in keeping with his accounts. The minister of justice—the attorney retained by the defendant in this case—should not have permitted the filing of such an account,

39 N. D.—5.

and much less should he have sworn to it. Just think of $10 an acre for 75 acres of poor, gravelly, stony, sandy pasture land.

- If the defendant had kept a fair and honest account, as in duty bound, and had promptly paid the plaintiff the money due him on a sale of his crops, there would have been no occasion for this action. The findings are well sustained by the evidence. Judgment affirmed.