# THE STATE OF NORTH DAKOTA, Respondent, v. OSCAR PETERSON, Appellant.

(190 N. W. 309.)

**Judges — district judge disqualified on affidavit of prejudice not authorized to designate another judge to sit in his place.**

Under chapter 129 of the Session Laws of 1921 the district court judge, against whom an affidavit of prejudice is filed in a criminal action, has no authority to designate another district judge to act in his stead at the trial.

Opinion filed October 10, 1922.

Judges, 33 C. J. § 221 p. 1031 n. 74.

Note.—On authority of disqualified judge to designate another judge to preside in his place, see 15 R. C. L. 515; 3 R. C. L. Supp. 465.

Appeal from District Court, Williams County, *Lowe, J.*
Reversed.

*Wm. G. Owens,* for appellant.

*F. W. McGuiness,* for respondent.

BIRDZELL, Ch. J. This is an appeal from an order entered by the Honorable John C. Lowe, judge of the district court of the county of Williams ordering that the Honorable George H. Moellring, another judge of said court, be designated as the trial judge in the action. The facts are that an information was filed charging the defendant with a criminal offense. Thereafter he filed an affidavit of prejudice against the presiding judge, the Honorable John C. Lowe, whereupon the latter entered the order appealed from, which is as follows: "Affidavit of prejudice having been filed in this court against the undersigned as presiding judge.

"Now, therefore, it is hereby ordered that the Honorable George H. Moellring be and is hereby designated as the trial judge herein."

"Dated at Williston, North Dakota, this 4th day of March, 1922."

The appellant contends that the above order is void for lack of authority in the district judge to make it, and he relies upon chap. 129 of the Session Laws of 1921. That chapter provides that when a defendant in any criminal action pending in any of the district courts of the state shall, after issue joined and before the opening of any regular, special, or adjourned term at which the cause is to be tried, file an affidavit stating that he has reason to believe, and does believe, that he cannot have a fair and impartial trial or hearing before the judge by reason of the prejudice of such judge, the court shall proceed no further in the action and shall be disqualified to do any further act in said cause. It further provides for the forwarding of the affidavit to the clerk of the supreme court and for the supreme court designating a district judge to act in the place of the judge disqualified. There is no contention that the affidavit does not conform to all the requirements of this statute, and it is conceded that if the statute is constitutional the district judge had no authority to enter the order appealed from. The brief on behalf of the state consists merely of thirteen lines of typewritten matter in which the constitutional question is merely stated. It is said that the act is unconstitutional in that it does not conform to sec. 61 of article 2 of the Constitution which provides that

no bill shall embrace more than one subject which shall be expressed in its title. It is claimed that the title of the act in question is defective by reason of its failure to set forth the following: "Affidavit of prejudice. By whom made. Affidavit to be filed. The supreme court to designate trial judge." There is obviously no merit in the contention that the act is unconstitutional for the reasons assigned. The title need not be an index. In this instance it shows that it is an amendment to an existing statute and that it relates "to change of judges in civil and criminal actions in the district court, for prejudice or bias of judge thereof." Every section of the act relates to the procedure incident to affidavits of prejudice and we see no force in the contention that the subject is not expressed in the title or that it is duplicitous. The order appealed from is reversed.

CHRISTIANSON, ROBINSON, GRACE, and BRONSON, JJ., concur.