FRED HUETHER, Northwestern National Bank of Minneapolis, Minnesota, a Corporation, W. F. Kramer, Jacob Kirschman, Sr., Peter Mesling, and Jacob Kirschman, Jr., Respondents, v. HAVELOCK EQUITY EXCHANGE, a Corporation, and the Mc-Caull-Dinsmore Company, a Corporation, Defendants. Mc-CAULL-DINSMORE COMPANY, a Corporation, Appellant.

(204 N. W. 828.)

**Opinion in prior case adopted as far as applicable.**

1. These actions were brought to recover damages for the conversion of grain deposited with the defendant, Havelock Equity Exchange, a North Dakota corporation, doing business as a public warehouseman, and sold in the terminal markets by the defendant, McCaull-Dinsmore Company, a corporation, engaged in the grain commission business. The facts are substantially the same as those involved in the case of Huether v. McCaull-Dinsmore Co. ante, 721, just decided; and the opinion in that case is controlling and is adopted in the instant case in so far as the questions here raised are identical with those therein determined.

---

Note.—(1) Error in instruction cured by whole charge, see 14 R. C. L. 817.; 3 R. C. L. Supp. 298; 4 R. C. L. Supp. 922; 5 R. C. L. Supp. 781.

**Judges — all parties defendant must join in disqualifying affidavit, except defendants who are merely nominal parties or who have defaulted.**

2. Under the provisions of chapter 331, Sess. Laws, 1923, providing for a change of judges on account of prejudice or bias, where there are two or more parties defendant, all must join in the disqualifying affidavit in order to disqualify the trial judge (against whom a claim of prejudice is made), unless it shall appear from the affidavit that the defendants who do not so join are merely nominal parties or have defaulted.

**Trial — although instruction standing alone is erroneous, if charge as a whole correct, error is cured.**

3. Though an instruction standing alone may be insufficient or erroneous, it must be considered in connection with the remainder of the charge, and if the whole charge taken together correctly advises the jury as to the law, the error, if any, is thereby cured.

**Instructions — held, that there was not such error as to warrant reversal.**

4. Instructions in the instant cases examined and for reasons stated in the opinion *held*, that there was not such error in giving, or refusing to give, instructions, as to warrant a reversal.

Opinion filed June 13, 1925.

Appeal and Error, 4 C. J. § 3170 p. 1158 n. 19, 20, 22. Judges, 33 C. J. § 179 p. 1013 n. 28. Trial, 38 Cyc. p. 1612 n. 13: p. 1613 n. 16; p. 1778 n. 73; p. 1779 n. 75, 76. Trover and Conversion, 38 Cyc. p. 2092 n. 56; p. 2094 n. 60, 61; p. 2104 n. 16. Warehousemen, 40 Cyc. p. 481 n. 41, 42.

Appeal from the District Court of Hettinger County, North Dakota, *Lembke. J.*

Modified and affirmed with directions.

*Sullivan, Hanley & Sullivan,* for appellant.

The rule is that the agent who assists his principal in disposing of the property of another intrusted to the principal is not liable for the wrongful conversion of the property by the principal or his participation therein, unless he had knowledge that such act was wrongful or would have had such knowledge but for gross negligence. Leuthold v. Fairchild, 35 Minn. 99; Ashcroft v. Tucker, 215 Pac. 877; Beach v. Turk, 9 Heisk. 708, 24 Am. Rep. 360.

Under the terms of the storage tickets, the Exchange had the right to ship the grain out of the state. Marshall v. Andrews, 8 N. D.

.364, 78 N. W. 851; First Nat. Bank v. Minneapolis N. Elevator Co. 11 N. D. 280.

If the ticket holders directly authorized the Exchange to sell the grain, or if by their conduct the ticket holders gave the Exchange ostensible authority to sell the grain, the company is not liable. Neiter v. McCaull Dinsmore Co. 199 N. W. 85.

One who owns or has an interest in personal property, with full knowledge of his rights, suffers another to deal with it as his own by selling or pledging it, or otherwise disposing of it, in such case there can be no doubt that an estoppel exists. Branthover v. Monarch El. Co. 33 N. D. 454, 156 N. W. 972.

And estoppel is fundamentally based upon the idea that "he who is silent when conscience requires him to speak, shall be debarred from speaking when conscience requires him to keep silent." 16 Cyc. 681.

*Jacobsen & Murray,* for respondents.

A promissory note of a debtor does not operate as an absolute payment of his obligation, unless it was intended· so to operate. State v. Royal Indemnity Co. 175 N. W. 625.

The general rule is that the reasons and consideration for an assignment, or the object sought to be attained thereby, will not be inquired into in an action by the assignee, but that the action is properly brought by the assignee as the real party in interest as the assignor has transferred all apparent interest and title in and to the subject matter, although the assignee may be only an agent or trustee, and others may be beneficially interested. 5 C. J. § 199, p. 994.

An assignee may sue in his own name, although by the terms of the assignment he is bound to account to the assignor for the proceeds recovered, or to apply them as directed, or he is otherwise a mere agent or attorney for collection. 5 C. J. § 200.

NUESSLE, J. These actions were brought by the various plaintiffs as owners or assignees of grain storage receipts to recover for the conversion of the grain evidenced thereby. The actions were begun separately. By order of the District Court they were consolidated for trial and tried to the same jury. Separate verdicts were returned and separate judgment entered in each cause. Thereafter, the defendant, McCaull-Dinsmore Company, moved in each case for judg-

ment notwithstanding the verdict or for a new trial. These motions were denied and the defendant thereupon perfected this appeal from each of such orders and from the judgment in each of said actions. The parties stipulated that these appeals be considered and disposed of together. In accordance with such stipulation, the appeals were argued at the same time in this court. The facts in these cases are essentially the same (though there are some minor differences) as in the case of Huether v. McCaull-Dinsmore Co. just decided, ante, 721, 204 N. W. 614, and which was argued and submitted in this court with the instant cases. In that case, however, a special verdict was returned. In the instant cases, general verdicts were returned, but the jury were required to and did answer special interrogatories which were submitted to them.

On these appeals, the defendant contends that there should be a reversal on the following grounds: (1) That the court was without jurisdiction by reason of affidavits of prejudice filed in each case prior to the commencement of the term of court at which they were tried. (2) On account of error in giving and refusing to give instructions. (3) That the evidence was insufficient to sustain the verdicts returned and the judgments entered. (4) Error by reason of failure to take into account in determining the extent of the liability of the defendant, the grain which was in the possession of the defendant, Equity Exchange, at the time the Exchange became insolvent. (5) Error by reason of failure to take into account the proceeds of the warehouseman's indemnity bond. (6) That the verdicts were excessive. (7) On account of error in the rulings of the court during the course of the trial.

Since the facts in the Huether Case, supra, are the same as those in the instant cases, no detailed statement need here be made, but reference to the statement in the opinion in that case will suffice. It follows that the holding in the former case is determinative of like matters in the instant cases. Consequently, this opinion will be devoted solely to a consideration of the additional questions that are here raised. The determination in the former case is conclusive on the third, fourth, fifth, sixth, and seventh grounds above stated, except as hereinafter specially mentioned.

The defendant first contends that the trial court was without juris-

diction for the reason that prior to the commencement of the terms of court at which these cases were tried, affidavits had been filed against the Honorable F. T. Lembke, the Judge before whom the cases were tried, under the provisions of chapter 331, Sess. Laws 1923. Reference to the records of this court discloses that affidavits of prejudice were filed in these cases and that such affidavits were transmitted to the clerk of this court as required by § 3 of chapter 331. It further appears, however, that this court returned such affidavits without action thereon for the reasons, "That it appears from the affidavits that there are two defendants and apparently a joint cause of action against both defendants, and it does not appear that the attorney making such affidavits represents both defendants and that both defendants joined in the application for a change. Further, that it does not appear that the other defendant is not a defendant in fact." We have heretofore held that where there are two or more parties defendant all must join in the affidavit in order to disqualify the trial judge against whom a claim of prejudice is made under chapter 331, supra, unless it shall further appear from the affidavit that the defendants who do not so join are merely nominal defendants or have defaulted. Measured by this rule, the defendant, McCaull-Dinsmore Company, did not bring itself within the terms of the statute and cannot complain because no change of judges was ordered.

The defendant urges prejudicial error because of certain instructions which were given. The instruction most seriously complained of is that with reference to the matter of estoppel. Standing alone, we think that this portion of the instruction was properly subject to exception. The rule, however, is that all of the instructions given in a case must be considered together and if, when so taken as a whole, the jury were correctly advised as to the law, then there was no prejudicial error. State v. Kerns, 50 N. D. 927, 198 N. W. 698, and cases cited. We think that in the instant case the instructions when read together correctly stated the law and that, therefore, there was no error in that respect. Defendant further complains because the court refused to give certain requested instructions. The defendant requested that the jury be advised that in order to constitute a conversion it must appear that at the time of the demand and refusal the plaintiffs offered to pay all the charges that could properly be made against the

grain demanded. We think that there was no error in the court's refusal to so charge under the circumstances as here disclosed. It appears that at the time of the demand for the grain there was an unequivocal refusal on the part of the defendant. Defendant cannot claim that the demand would have been complied with if proper charges had been tendered. The defendant's position was then and at all times thereafter continued to be, that it was but an innocent agent acting for its principal, the Equity Exchange, and that it was in nowise responsible on account of what had been done with any grain sold by it for the Exchange. Such being the case, we think that the request was properly refused. See Carson State Bank v. Grant Grain Co. 50 N. D. 558, 197 N. W. 146, and cases cited. The defendant also complains on account of the instruction with reference to the measure of damages. We think that the instruction as given with reference to the measure of damages was erroneous. However, by reason of the answers to the special interrogatories as returned by the jury and in the light of the undisputed evidence in the case, it is not necessary that there be a reversal on account of such error. Any prejudice suffered can be corrected by the trial court without the necessity for a new trial. As held in the Huether case, supra, the measure of damages was the value of the grain at the time and place of conversion less such charges as the plaintiff was under obligation to pay at such time and place; that is, freight charges, plus storage charges at the contract rate. As in the Huether Case, supra, such charges amounted to 29.8 cents per bushel. Since the jury by their answers to the special interrogatories found the number of bushels converted in each case, the reduction to be made is simply a matter of arithmetic.

The defendant, as its fourth ground for reversal, urges that there was error by reason of the failure of the court to take into account in determining the extent of the liability of the defendant, the grain which was in the possession of the defendant, the Equity Exchange, at the time it became insolvent. This same contention was raised and sustained in the case of Huether, supra. What was said in that case must control in the instant cases. But disposing of the matter in the same manner as it was disposed of in that case, there is no necessity for a new trial. It appears from the evidence that in the instant cases there were 2,000 bushels of wheat on hand with the Equity Ex-

change (and this was conceded during the argument), which was appropriated by the trustee in bankruptcy.   The jury, by its answers to the special interrogatories, found the number of bushels of wheat evidenced by the storage receipts of the various plaintiffs, and the values of the various grades of wheat at the time and place of conversion.   The total number of bushels of wheat evidenced by outstanding receipts was, as appears from the undisputed testimony, 13,325 bushels. Applying then the same rule as was applied in the Emanuel Huether case, each of the plaintiffs was an owner in common of the 2,000 bushels, in the ratio which the number of bushels represented by his storage receipts bore to the number of bushels represented by all the outstanding storage tickets; and each plaintiff's judgment must be reduced in an amount equal to the value of his interest as such owner in common, with interest on such amount from the date of demand and refusal to the date of the verdict.   That is, the judgment of Fred Huether must be reduced as of the date of the verdict in the sum of $493.47; the judgment of the Northwestern National Bank of Minneapolis in the sum of $148.80; the judgment of W. F. Kramer in the sum of $309.30; the judgment of Jacob Kirschman, Sr., in the sum of $543.32; the judgment of Peter Mesling in the sum of $689.79 and the judgment of Jacob Kirschman, Jr., in the sum of $405.92.

Likewise, as to the defendant's fifth ground for reversal.   Applying the rule applied in the Huether case, supra, the judgment of each of the instant plaintiffs must be further reduced in the amount of his interest in the proceeds of the $5,000 warehouseman's bond.

The judgments as entered herein will therefore be modified as heretofore indicated and as thus modified will be affirmed.   Execution thereon will be stayed until such time as the district court of Hettinger county shall have ascertained and determined the rights of the respective storage receipt holders in and to the proceeds of the warehouseman's bond now in that court, and when such rights are determined the amounts recovered by these plaintiffs in that action will be credited on their respective judgments in the instant cases.   It is so ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.