STATE OF NORTH DAKOTA EX REL. CLINTON LUCIA,
Petitioner, v. JUDGE LEHIGH J. MONSON, County Judge,
Cass County, Respondent.

(215 N. W. 680.)

**Judges — when affidavit of prejudice may be filed.**

1. The affidavit of prejudice described in § 8955 of the Code may be filed
before the opening day of any term in which the case appears upon the cal-
endar for trial, irrespective of the number of such terms.

**Judges — filing of affidavit of prejudice disqualifies judge to try case.**

2. When such affidavit has been filed the judge of the county court becomes,
ipso facto, disqualified to try the case.

**Writ of prohibition — lies against judge acting without jurisdiction.**

3. The writ of prohibition will lie when a judge acts "without" his jurisdic-
tion, even though the court itself has jurisdiction of the person of the defend-
ant and the charge against him.

**Writ of prohibition — lies against judge disqualified by affidavit of preju-
dice.**

4. Where such judge is thus disqualified, but announces his intention to pro-
ceed with the trial of the case, a writ of prohibition will be issued by this
court restraining him from proceeding in the case, except for the purpose of
procuring another judge to try the case or for the purpose of certifying all
proceedings to the district court. The defendant is not required to wait and
raise the issue on appeal.

Opinion filed October 20, 1927.

Judges, 33 C. J. § 180 p. 1014 n. 44; § 198 p. 1020 n. 15. Prohibition, 32 Cyc.
p. 607 n. 47.

Application for a Writ of Prohibition.
Writ granted.

*W. H. Barnett* and *Divet, Shure, Murphy, & Thorp,* for petitioner.
*Geo. Shafer,* Attorney General, and *K. E. Leighton,* Assistant At-

Note.—(3) As to right to prohibition to prevent prejudice judge from proceed-
ing with case, see annotation in 8 A.L.R. 1238; 22 R. C. L. pp. 20, 21; 3 R. C. L.
Supp. 1230; 4 R. C. L. Supp. 1451; 5 R. C. L. Supp. 1192.

torney General, *John Pollock,* State's Attorney, and *E. A. Weston,* Assistant State's Attorney, for respondent.

BURR, J.  The respondent is the judge of the county court of Cass county, a court with increased jurisdiction.  Petitioner was charged in said court with "wilfully and unlawfully having in his possession intoxicating liquors."  This action was on the calendar for the June term of 1927 and during that term the petitioner filed an affidavit of prejudice against the respondent, under the provisions of § 8955 of the Compiled Laws of this state, but change of judge was denied as the affidavit was not filed before the commencement of the term.  The petitioner then moved for a continuance of his case over the term, which motion was granted.  Prior to the opening of the October term, and on the 29th day of August, 1927, the petitioner filed another affidavit of prejudice against the respondent.  It is alleged by the petitioner, and not denied by the respondent, that the respondent has announced he will not consider this second affidavit but will proceed to try the case. The petitioner, upon learning the attitude of the county judge, applied to this court for a writ of prohibition and an alternative writ was issued. The respondent admits all of these facts, except that he does not say he refuses to consider the affidavit.  Nevertheless, he does not deny the allegation that he has stated he intends to proceed and try the case himself.  On the return day the respondent moved to quash the alternative writ for lack of jurisdiction on the ground the petitioner has an adequate remedy by appeal from any final judgment, and in case this motion be denied he filed his answer raising but two questions in his return—that the affidavit of prejudice filed August 29, 1927 is not *such affidavit* as is contemplated by § 8955 of the Code, and, that the petitioner has an adequate remedy at law.

It is the contention of the respondent that § 8955 contemplates no affidavit of prejudice can be filed after "the first term at which any cause is triable;" and that such provision cannot "apply to any term to which a case has been continued at the request of the party to such action." Our statutory provisions with reference to affidavits of prejudice differ from those of many states.  In many of the jurisdictions affidavits of prejudice are presented to the judge, counter affidavits may be filed, and it is for the judge to determine in the first place whether the ap-

plication should be granted for the cause stated. This is not the principle underlying our statutes and for that reason many of the decisions of other jurisdictions are not applicable to cases in this state. The language of the statute is plain. It says "whenever the defendant in a criminal action shall, *before the opening of any term in which the case appears upon the calendar for trial,* file his affidavit : . . the court shall thereafter proceed in such action as follows:" and then proceeds to give to the judge the option of procuring another judge to try the case, or of certifying all proceedings to the district court.

The respondent says the concluding sentence of subdivision 3 of § 8955 precludes the petitioner from filing this second affidavit; that the statute contemplates the filing of the affidavit before the opening of the first term in which he could file it; and that his "failure to file the affidavit of prejudice hereinbefore mentioned within the time before specified . . . shall constitute a waiver of all objections to the trial of such action by the presiding judge of such county court." This sentence means, the "failure to file the affidavit of prejudice" before "the opening *day* of any term in which the case appears upon the calendar for trial" shall constitute a waiver. It does not limit the filing to the first term. It was a customary proceeding in many jurisdictions to permit the filing of such affidavits at any time before the commencement of the trial. This, however, was unfair to the State and was taken advantage of for delay. To prevent this abuse, and at the same time give the defendant the opportunity of being tried before a judge whom he believed to be unprejudiced he was required to file the affidavit before the opening day of the term; rather than before the commencement of the trial. Under the old rule it was immaterial how many terms the case was on the calendar. It is immaterial in this case. So long as the case is on the calendar of any term for trial the affidavit may be filed before the opening day of that term.

The other contention of the respondent is that petitioner has an adequate remedy at law. It was the manifest duty of the respondent to call in another judge upon the filing of an affidavit alleging prejudice. State v. Kent, 4 N. D. 577, 27 L.R.A. 686, 62 N. W. 631; State v. Kent (State v. Pancoast) 5 N. D. 516, 529, 35 L.R.A. 518, 67 N. W. 1052. In the case of Grabau v. Nurnberg, 39 N. D. 57, 63, 166 N. W. 508, this court said in effect that "the statute giving to

suitors the right to file an affidavit of prejudice makes it the mandatory duty of the court to refrain from further proceeding and to call in another judge. It also fixes definitely the time for the filing of such affidavits as being before the opening of the term." The court was construing § 7644 of the Compiled Laws of 1913 and it will be noted that so far as the right to file affidavits and the form and substance of the affidavit are concerned it is the same as in § 8955, except that in the former section a corroborative affidavit was required. In the case of State v. Craig, 54 N. D. 5, 208 N. W. 394, this court said "Where a defendant in a criminal action files an affidavit of prejudice against the county or against the judge . . . it is the duty of the court . . . to arrange for and procure some other judge than the one objected to." The court was construing § 10,766 of the Code which so far as the affidavit of prejudice is concerned is identical with § 8955. The case of State v. Peterson, 49 N. D. 117, 190 N. W. 309, shows that where an affidavit of prejudice only is filed the judge must cease further action because by chapter 129 of the Sess. Laws 1921 even the right to designate another judge is taken away from him. The case of Waterloo Gasoline Engine Co. v. O'Neill, 19 N. D. 784, 124 N. W. 951, which holds in effect that the county judge had the right to pass upon such affidavits, is not in point in this case because it is based upon § 8375 of the Code of 1905, an entirely different statute. Since that case was decided § 8955 has been enacted and is in the form prescribed by § 9929 of the Code of 1905 which is contrasted in the decision with § 8375 of the same Code. With reference to the latter the court says in the O'Neill Case "under the other statutes (Code 1905, § 9929) no discretion whatever is vested in the court or judge. The filing of a satisfactory affidavit ipso facto ousts such court of jurisdiction and requires a transfer of the case or a change of the judge." It is clear therefore that the judge has no jurisdiction to try such case. Respondent urges that because in the cases of Grabau v. Nurnberg, State v. Peterson; and State v. Craig, supra, and in the case of Huether v. Havelock, Eq. Exch. 53 N. D. 786, 204 N. W. 828, the question of the right to a change of judge was not raised until the appeal, therefore it was considered that appeal is an adequate remedy and for that reason prohibition will not lie. The affidavit of prejudice is not levelled against the court but against the judge of

the court.   So far as the defendant is concerned the county court of Cass County has jurisdiction of his person and this case.   The writ of prohibition is designed to arrest the "proceedings of any . . . person, when such proceedings are without or in excess of the jurisdiction of such . . . person."   Rev. Code 1913, § 8470.

"A writ of prohibition will lie to restrain a judge from proceeding in an action in which he is disqualified . . . although the court over which he presides may have jurisdiction of the case."   In such case "an appeal would not be a speedy and adequate remedy."   North Bloomfield Gravel Min. Co. v. Keyser, 58 Cal. 315.   "The writ of prohibition lies to restrain a judge from proceeding in a cause in which he is disqualified . . . although the court over which he presides has jurisdiction of the cause."   Forest Coal Co. v. Doolittle, 54 W. Va. 210, 46 S. E. 238.   The filing of an affidavit of prejudice in the manner and form prescribed by § 8955 divested the judge of all further jurisdiction except to procure another judge or to certify the case to the district court.   He became disqualified to try the case, and his subsequent proceedings or attempted proceedings are "without" his jurisdiction.

For an exhaustive analysis of the supervisory powers of this court, the question of adequate remedy, and under what circumstances this power will be used to control litigation in the lower courts, see the treatment of this subject by Judge Christianson in State ex rel. Lemke v. District Ct. 49 N. D. 27, 40, 186 N. W. 381.   See also Gunn v. Lauder, 10 N. D. 389, 87 N. W. 999.

The petitioner is entitled to a writ of prohibition requiring respondent to desist from further proceedings in this case except to procure another judge, or to certify the case to the District Court in accordance with the provisions of § 8955 of the Code, as he may deem proper.

BIRDZELL, Ch. J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.